E. L. BRACKEN v. THE STATE.

No. 11718. Delivered June 15, 1928.
Rehearing denied October 10, 1928.

The opinion states the case.

*R. A. Anderson* of Post City, *Pearce & Treplett* and *L. D. Griffin* of Plainview, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment confinement in the penitentiary for 2 years.

H. C. Redding, the injured party, had been instrumental in filing a complaint against appellant charging him with selling whiskey. Several witnesses for the state testified that appellant, upon learning that the injured party had been instrumental in filing the complaint, threatened to do him bodily injury. Appellant denied that he made such threats. Touching the immediate transaction resulting in the shooting by appellant of the injured party, the injured party testified that appellant approached him and asked him why he was sending people to his place to buy beer; that he replied that he had sent no one to his place; that appellant said "You are a G— d—— liar," and immediately started shooting at him with an automatic pistol; that appellant shot him four times, and that while shooting at him appellant said "G— d—— you I will kill you"; that one shot struck him in the right side, two went through the arm and one hit him in the pit of the stomach; that he made no hostile movement toward appellant and that he was unarmed at the time; that he did not place his hand in his pocket as if to draw a pistol; that he owned no pistol at the time of the difficulty. C. A. Bachelor, a witness for the state, corroborated the injured party as to the manner and character of the attack and as to the fact that the injured party made no hostile demonstration and was unarmed.

Appellant testified that his wife had informed him that some drunken parties had come to their home in his absence and endeavored to buy some beer; that these parties had stated that the injured party had sent them there; that they cursed and used insulting language toward her; that upon meeting the injured party, he, appellant, requested him not to send any more drunken men to his house; that the injured party called him a G— d—— lying s— of a b——, threw his hand to his pocket, and grasped a pistol; that the injured party got the pistol half out of his pocket, and that thereupon, believing that the injured party was going to shoot him, he shot for the purpose of knocking the pistol out of his hand; that he was afraid of the injured party. The testimony of appellant as to the fact that drunken men had gone to his house in his absence was corroborated by that of his wife. Another witness for appellant corroborated his testimony relative to a hostile demonstration by the injured party and the fact that the injured party was armed with a pistol.

Appellant based his motion for a new trial in part on the ground of newly discovered evidence, and attached to said motion the affidavit of J. N. Wall. It is stated in the affidavit of Wall that about

ten days after the difficulty between the injured party and appellant he had a conversation with the injured party wherein he, the injured party, told him that he called appellant a G— d— liar, and made a movement with his hand to his pocket as if to pull a pistol before appellant shot him. The effect of this testimony would have been to discredit and impeach the testimony of the injured party. It was not admissible as original evidence. Ordinarily a motion for a new trial will not be granted where the newly discovered evidence could only be used to discredit or impeach the testimony of a witness who has testified on the trial of the case. Butts v. State, 33 S. W. 866; Barber v. State, 31 S. W. 649; Branch's Annotated Penal Code of Texas, Section 202, and authorities cited.

Appellant also insists that the court should have granted his motion for a new trial because two of the jurors were prejudiced against him. It is stated, in substance, that appellant learned after the trial that said jurors had remarked before being selected on the jury that appellant ought not to be permitted to run at large. The jurors in question expressly denied that they made such statements. The party who claimed to have heard the statements testified that such statements were in fact made by the jurors in his presence. This being the condition of the record, the trial court was warranted in concluding that the jurors were fair and impartial. In Branch's Annotated Penal Code of Texas, Section 565, page 288, the rule is stated as follows:

"When it is sought to show on the hearing of the motion for a new trial that a juror before the trial had expressed an opinion of defendant's guilt or had made statements which showed a prejudice against defendant, the decision of the trial court on that issue will be sustained by the appellate court unless clearly wrong, if the evidence bearing thereon was conflicting, and was sufficient, if believed, to justify the action of the trial court."

See also Meadors v. State, 275 S. W. 829; Shaw v. State, 22 S. W. 588.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only ground of the motion is that we erred in our original opinion in holding correct the action of the

trial court in refusing a new trial based on newly discovered evidence. There is no question but that the newly discovered testimony was material, if at all, solely for impeachment purposes. Same consisted of an alleged statement made by the prosecuting witness to a third party some week or ten days after the occurrence. In addition to what we said concerning the motion, attention is called to Vernon's C. C. P., Revision of 1925, subdivision 33 of the notes under Art. 753, where many authorities are collated down to the present time holding that newly discovered evidence which only tends to impeach a State witness is not ground for a new trial. We do not care to discuss the matter other than refer to the authorities.

The motion for rehearing will be overruled.

*Overruled.*