GEORGE MCFALL V. THE STATE.

No. 23083. Delivered March 14, 1945.

The opinion states the case.

*Spiner & Pritchard,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of aggravated assault and his punishment was assessed at confinement in the county jail for a period of thirty days.

The only complaint brought forward relates to the court's action in overruling his motion for a new trial. He based his motion on two grounds, the first of which is that the evidence is insufficient to sustain his conviction; and second, on newly discovered evidence material to his defensive theory. On the hearing of the motion the court heard evidence relative to what appellant claimed to be newly discovered and this is brought forward in a statement of facts, but the evidence adduced on the original trial does not accompany the record. Consequently there is nothing before this court from which we may determine his first contention. His second contention may be disposed of on two grounds: (1) That the claimed newly discovered evidence is merely of an impeaching nature which would have controverted the testimony of the prosecutrix, and (2d) that the court was justified in concluding that it was probably not true. Con-

sequently, the trial court did not abuse his discretion in over-ruling the same. This court has said many times that a new trial will not be granted when the newly discovered evidence could only be used to discredit or impeach the testimony of a witness who has testified on the trial. See Bracken v. State, 110 Tex. Cr. R. 536; Mims v. State, 140 Tex. Cr. R. 647; Branch's Ann. Tex. P. C., p. 129, sec. 202. On the question that the newly discovered evidence must probably be true, see Branch's Ann. Tex. P. C., sec. 200. Moreover, the testimony which he claims Leonard Jackson would give could hardly be termed "newly discovered" because Jackson testified on the hearing of the motion that he was near the place where appellant picked up the prosecutrix; that he spoke to appellant and the appellant spoke to him, and it seemed to him from the conduct of the prosecutrix that at that time she had already sustained the injuries. The prosecutrix testified that at the time she entered the taxicab of appellant she had not been injured but was assaulted by him after she was in the cab. It will be noted that if Jackson's testimony is true, then appellant knew of Jackson's presence, and his failure to inquire of him what he knew relative to the matter and to have him summoned as a witness, is due to a want of proper diligence.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.