## John Baxter v. The State.

### No. 4462. Decided May 2, 1917.

**1.—Murder—Evidence—Competency of Witness—Pardon—Bill of Exceptions.**

Where, upon trial of murder, defendant objected to the testimony of a State's witness because he did not have his pardon with him, but testified that, nevertheless, he had been granted a pardon, but the bill of exceptions failed to recite the disqualification of the witness in not showing the record of former conviction, this court must assume that the record showing that the witness had been convicted was not introduced, and there was no error in permitting the witness to testify; besides, the evidence was not stated in the bill. Following Zweig v. State, 74 Texas Crim. Rep., 306; Clayton v. State, 67 Texas Crim. Rep., 311, and other cases.

**2.—Same—Rebuttal Evidence—Bill of Exceptions—Presumption.**

Where upon trial of murder, the State had introduced testimony of threats by the defendant against the deceased, and defendant offered testimony in rebuttal to the declarations of the defendant, but the bill of exceptions did not show that defendant's witness was present and heard the same declaration of the defendant as to said threats which was testified to by the State's witnesses, or when in it occurred, there was no reversible error. Following Harris v. State, 67 Texas Crim. Rep., 251, and other cases.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

**4.—Same—Motion for New Trial—Presumption.**

In the absence of testimony in the record, heard upon motion for new trial relating to the venire and other matters, it must be presumed that the overruling of the motion was correct.

Appeal from the District Court of Rains. Tried below before the Hon. Wm. Pierson.

Appeal from a conviction of murder; penalty, eleven years imprisonment in the penitentiary.

The opinion states the case.

*Chas. L. Hubbard* and *W. F Shipp,* for appellant.—On question of insufficiency of the evidence: White's Annotated Penal Code, art. 710, and cases there cited.

On question of competency of witness: Schell v. State, 2 Texas Crim. App., 30; Cooper v. State, 7 id., 194; Hunnicutt v. State, 18 id., 498.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This appeal is from a judgment condemning appellant to confinement in the State penitentiary for a term of eleven years for the murder of Calvin Sellars.

Appellant was the son-in-law of deceased. There was some evidence of bad feeling between them. Mrs. Sellars, mother of deceased, an eye-witness, testified that her son traveling on horseback stopped at her gate and talked a few moments with her, and as he was about to leave remarked, "I see John now." That he then rode away, meeting the appellant, John Baxter, about ninety steps from the witness. That as they met deceased said, "God damn you, I see you are carrying your gun for me." That appellant immediately jumped out of his buggy and shot the deceased while deceased was on his horse, and apparently had not stopped his horse, and that after he fell he had the bridle reins wrapped around his arm. Appellant's version was that when he and deceased met, and after deceased used the language above quoted, about carrying a gun for him, that deceased rode back toward him, reached for a piece of timber which was lying on the ground, and said, "God damn you, I will break your neck," at which time appellant shot. There was evidence of previous bad feeling between the two. The issues of self-defense and manslaughter were both raisd, and these, together with the issue of murder, were submitted to the jury in a charge, of which there is no complaint.

The appellant's second bill of exceptions contains the following: "The State offered as a witness one Jess Payne and the defendant objected to said Payne testifying for the reason that the said Payne had been to the penitentiary, being sent there for introducing stolen property into the State; that the said Payne at the time he was offered as a witness did not have his pardon with him but testified that he had been granted a pardon, that his citizenship had been restored; that he paid his poll tax and worked the road when the rule of evidence is that if the original can not be found accounting for same is not sufficient in criminal cases of this kind but a copy of same is next best evidence and shall be introduced for the purpose of establishing whether the party has a pardon that gives him the rights of a citizen but over the objection of the defendant the said Payne was allowed to testify and give in evidence very damaging evidence against this defendant which was error on the part of the court in permitting same."

It will be noted that the bill does not state the evidence given by Payne. This should be done to enable this court to determine its materiality. Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119; Todd v. State, 57 Texas Crim. Rep., 151; Canon v. State, 59 Texas Crim. Rep., 398; Ellis v. State, 59 Texas Crim. Rep., 630; Fifer v. State, 64 Texas Crim. Rep., 203, and numerous cases cited in Vernon's Ann. C. C. P., p. 542, note 29, and Branch's Ann. P. C., p. 135. Granting that the witness gave material testimony, we do not think there is error shown in permitting him to testify.

The general rule is that a party desiring to exclude testimony or one convicted of a felony must prove his disqualification by the record showing final conviction. Vernon's Ann. C. C. P., p. 703; King v. State, 57 Texas Crim. Rep., 363. In the absence of any recital in the bill to the contrary, this court would be bound to assume that the record showing Payne was a felon was not introduced. Zweig v. State, 74 Texas Crim Rep., 306, 171 S. W. Rep., 747; Vernon's Ann. C. C. P., art. 744, subdiv. 21, and notes, p. 537, and cases cited. Under the decisions of this court we must accept this statement of the trial judge as true. Vernon's Ann. C. C. P., art. 744, p. 556, note, subdiv. 35, citing Gross v. State, 57 Texas Crim. Rep., 557, and numerous other cases. In view of this qualification of the bill and the other matters stated we would not be authorized to decide that there was error in permitting Payne to testify.

From bill of exceptions No. 1 we take the following quotation:

"On the trial of the above styled and numbered cause the defendant offered as a witness one Doc Price, who would have testified that he, Doc Price, had a conversation with the defendant in regard to running or molding leaden bullets for the purpose of killing hawks. This was very material from the standpoint of the defendant in this: That the State undertook to prove and show motive on the part of the defendant to make out its cause of murder, the witnesses Payne and son having testified that the defendant had a motive when he told them that 'if the deceased swallowed one of these he would not whip his wife again:' the court having sustained an objection to same raised by the State's counsel on the ground that same would be self-serving declarations on the part of the defendant; that the said Price would have testified that the name of the deceased, Sellars, was not named or mentioned at this time and could not have been a declaration on the part of the defendant that would be or in anywise be self-serving."

The statement of facts shows that Melton Payne testified on behalf of the State that about a month before the homicide appellant showed the witness a lead bullet, stating that he made it and had two more, and stated in substance that he was going to kill deceased. Another witness, J. F. Payne, appears from the statement of facts to have testified to substantially the same conversation. It is assumed that the testimony of Price mentioned in the bill of exceptions was offered to rebut the evidence of the two Paynes. It does not appear from the

bill that Price was present and heard the same conversation testified to by the Paynes, nor when the alleged conversation which Price offered to testify to took place, whether before or after the homicide. The legal presumption is that the ruling of the trial court in excluding evidence was correct unless the contrary is explicitly shown by the bill of exceptions. Branch's Ann. P. C., sec. 207, p. 132; Eldridge v. State, 12 Texas Crim. App., 208; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W. Rep., 1074; Moore v. State, 7 Texas Crim. App., 14; Edgar v. State, 59 Texas Crim. Rep., 491; Anderson v. State, 70 Texas Crim. Rep., 594, 157 S. W. Rep., 1197.

Appellant insists that the evidence was insufficient. We have carefully read the statement of facts, and without further quoting it will say we can not agree with this contention of appellant.

There are several matters mentioned in the motion for new trial relating to the venire and other matters occurring upon the trial of the case. These all depend upon the facts, and it appearing from the judgment overruling the motion for new trial that the court heard evidence touching these matters, and the evidence so heard not being brought before this court in any manner by the record, the correctness of the trial court's conclusion must be presumed.

Finding no error in the record it is ordered that the judgment of the lower court be affirmed.

*Affirmed.*