### John Roach v. The State.

#### No. 9271.   Delivered November 11, 1925.

**1.—Sale of Intoxicating Liquor—Bill of Exception—Incomplete—No Error Shown.**

   Where, on a trial for the sale of intoxicating liquor, appellant objected to a state witness, on the ground that the witness had been convicted in the Federal Court, at Fort Worth, for selling intoxicating liquor and had served his sentence of sixty days, and had not been pardoned. We have held too many times to attempt the citation of authorities that the statement of grounds of objection raised to testimony will not be considered as the allegation of any fact. No matter is presented in such bill that can be considered. See Sec. 21, p 537, Vernon's C. C. P.

**2.—Same—Accomplice—In Liquor Prosecutions.**

   The witness Joe Davis, who testified in behalf of the State, and who aided in the purchase of the liquor, by virtue of the Statute itself was not an accomplice, and the court did not err in refusing to charge the jury that he was an accomplice.

**3.—Same—Requested Charge Covered by Main Charge—Properly Refused.**

   Where a charge is requested by appellant on an issue that has been pertinently and fairly submitted in the main charge of the court, there is no error in refusing such special charge.

Appeal from the District Court of Comanche County. Tried below before the Hon. J. R. McClellan, Judge.

Appeal from a conviction of selling intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Calloway & Calloway*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Comanche County for the offense of selling liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

Appellant by his first bill of exceptions complains at the court's action in permitting the witness Joe Davis to testify on behalf of the State, the ground of the objection being that the witness had admitted that a short time before the trial of this case he had plead guilty in the Federal Court at Fort Worth to the offense of selling intoxicating liquor in violation of the Federal prohibition law, and had served his sentence of sixty days in jail for such offense, and had not been pardoned. The bill further shows that the defendant objected to his testifying for the reason that such offense is a felony under the laws of the State of Texas and is a possible felony under the Federal law. This bill of exceptions is entirely insufficient to show any error. It contains no statement of facts whatsoever and it has been held by this court without a break that matters stated as mere grounds of objection will not be termed as allegations of fact. The bill taken on its face utterly fails to recite any fact or to make any reference to any fact contained in the record which would enable this court to determine that error was committed in the matter complained of. See Section 21, page 537, Vernon's C. C. P. Were we required, however, to examine the statement of facts, to determine the sufficiency of the bill, we would find in the same the direct statement from this witness that he was convicted of a misdemeanor. Under this condition of the record, appellant's contention as presented in bill of exceptions No. 1 is overruled.

The evidence in this case is entirely sufficient to support the verdict and the court did not err in refusing to instruct an acquittal. By virtue of the Statute itself the witness Joe Davis, who aided in the purchase of the liquor, is not an accomplice, and the court did not err in refusing appellant's special charge No. 2, by which he sought to have the jury told that said witness was an accomplice.

By special charge No. 3, appellant sought to have the jury instructed that if the liquor in question was sold to any other persons than the purchasers named in the indictment, that they should acquit the defendant. This identical question was pertinently and fairly submitted by the court in paragraph 5 of his main charge and there is no error shown in his refusal to give special charge No. 3.

The foregoing disposes of all complaints urged by appellant, and finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission. of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.