BILL ALEXANDER V. THE STATE.

No. 9866.   Delivered February 10, 1926.

1.—Sale of Intoxicating Liquor—Convict as Witness—Now Competent to Testify.

While it is true that an unpardoned convict has heretofore in this State been incompetent to testify as a witness, by the provisions of the act of the Legislature of 1925, an unpardoned convict now has the same right to testify as a witness, as a pardoned one, provided he is not incarcerated in the penitentiary at the time of the trial, and no error is presented in appellant's complaint of the admission of the testimony of an unpardoned convict in this case.

ON REHEARING.

2.—Same—Evidence of Non-Expert—Inadmissible.

Where appellant sought to prove by a number of witnesses how choc beer was made, none of whom qualified as experts or of having any knowledge of how it was made, there was no error in rejecting such testimony, and the motion for rehearing is overruled.

Appeal from the District Court of Grayson County.   Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. P. Cox* of Sherman, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Grayson County for selling intoxicating liquor, punishment one year in the penitentiary.

Appellant was convicted for selling choc beer. . Two young men testified that they bought it from him on the occasion in question, and drank it, and that it made them drunk.   Other witnesses who saw them on said occasion testified that they were . drunk.

There are several bills of exception, all of which have been carefully examined.   Bill No. 1 is wholly without merit.   The question asked by the appellant, the rejection of whose answer by the court, upon objection by the state, is complained of in bills Nos. 3, 4 and 5, does not appear to be of any materiality. A number of other matters are set up in each one of said bills of exception, no question relative to which was shown to have been asked, and in such case we have no means of ruling upon the other matters beside the one involved in the question asked.

Bill of exceptions No. 6 complains of the admission in evidence of the testimony of an unpardoned convict.   If we understand the provisions of the act of the Legislature of 1925, an unpardoned convict has the same right to testify as a pardoned one, provided he is not incarcerated in the penitentiary at the time of trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his contention that by bills of exception Nos. 3, 4 and 5, complaining of the rejection of certain testimony offered by him, error was shown.   Said bills show the state's objection to an identical question propounded to three witnesses, viz.: "Have you learned how choc

beer is made, or do you know how choc beer is made?" A casual inspection of the form of this question thus asked makes it evident that a witness could not testify to the fact abstractly that he had learned how choc beer was made, or give the jury testimony setting forth what he had learned, unless claiming to qualify as an expert, which is not asserted to be true of any of said witnesses. One who had experience in the making of choc beer might give the desired testimony. In fact, we observe that a witness for the appellant did testify as to how choc beer was made and how long it would take it to become intoxicating after the ingredients were mixed and set to ferment, and that if said mixture had not been allowed to stand any longer than appellant testified the particular choc beer had stood after being mixed, it would not be intoxicating. The witnesses who partook of the liquor sold by appellant and involved in the instant transaction, testified that it was intoxicating and made them drunk. We further observe that one of the witnesses referred to in said bills of exception testified that he did not know how choc beer was made. Another of said witnesses testified that he only learned four or five days before the trial how to make choc beer. There is nothing in either bill or in the record to show that said witnesses were qualified to give the testimony called for by the rejected question.

This appears to be the only contention made by appellant in his motion for rehearing, and being unable to agree therewith, said motion is overruled.

*Overruled.*