COLLEY UNDERWOOD v. THE STATE.

No. 10951.   Delivered October 19, 1928.
Rehearing granted December 19, 1928.

The opinion states the case.

*Scott Gaines, W. S. Sproen* of Angelton for appellant.

On power of governor to restore competency of convict witness, appellant cites:   Price v. State, 66 Tex. Crim. Rep. 400; Corzine v. State, 88 Tex. Crim. Rep. 340; Joiner v. State, 89 Tex. Crim. Rep. 408 and Duncan v. State, 96 Tex. Crim. Rep. 22.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

. Appellant plead guilty. Substantially the only contention is that the witnesses who testified against appellant upon this trial were convicts; that they were serving out their sentences in prison and had not been pardoned, and that they were incompetent to testify for that reason. Appellant admits that the alleged murder was committed on a prison farm, and he further admits that since the commission of this offense the State legislature has passed a law under which the testimony of convicts confined in the State penitentiary might be received in cases where such testimony became material and the alleged offense was committed in the penitentiary or upon one of the State farms. Appellant, however, contends that because such testimony was inadmissible at the time the alleged offense was committed, notwithstanding the law making such testimony admissible had become effective at the time of the trial, same was as to him an ex post facto law and that the trial judge erred in admitting the testimony.

In Mrous v. State, 31 Texas Crim. Rep. 597, citing Hopt v. Utah, 110 U. S. 574, we held the admission of the testimony of a seduced female in a seduction case, not erroneous, over the objection that at the time the offense was committed, the injured female was incompetent as a witness,—the statute rendering her competent having been enacted subsequent to the commission of such offense. The principle seems identical with that involved in the instant case. The doctrine is reaffirmed in James v. State, 72 Texas Crim. Rep. 457. In Volume 10, Note on U. S. Reports, we find the holding in the Hopt case, supra, approved in Gibson v. Mississippi, 162 U. S. 590; Thompson v. U. S., 171 U. S. 384; State v. Ah Jim, 9 Mont. 173; People v. McDonald, 5 Wyo. 538. All of the complaint made by appellant's counsel, who were appointed by the court to defend this unfortunate man, seems based upon their objection to the testimony of the various convicts who were present at the time of the alleged homicide, the objections relating to the question above briefly discussed. We regard the matter as settled in this State adversely to the appellant's contention.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

· LATTIMORE, JUDGE.—Appellant strongly urges in his motion for rehearing that the Legislature could not pass any law restoring competence as a witness, to any person who had been theretofore

finally convicted of a felony; and that the objection made by him to the admission of the testimony of those witnesses who were already convicts serving out their sentences when Chap. 13, Acts First Called Session, 39th Legislature, was enacted, did not rest solely on the ground that said statute was retroactive, but also was based on the ground that the incompetence of such witnesses could only be removed by a pardon issued by the Governor, and that hence the cases cited in our original opinion going no further than to hold against such objection on the ground that the law was not retroactive,—were not controlling; also that said Chap. 13, supra, in so far as it attempts to restore competence to persons finally convicted of felonies before said law became effective,—was ultra vires and of no force and effect.

In none of the cases cited in our original opinion did the question arise as to the lack of power in the legislature to restore to any person the privilege of testifying as a witness, when such privilege had theretofore been lost to him by reason of final conviction of a felony. It is true that in Hopt v. Utah, 110 U. S. 574, the proffered witness had been convicted of an infamous crime prior to the passage of the statute making such persons competent; but examination of the opinion shows that the only objection made or considered in that case was that the act could not be held applicable because retroactive. Nothing in the opinion in that case, as far as it relates to what is here before us, goes beyond holding that an act relating merely to procedure is not retroactive.

The exact point now raised was exhaustively discussed in State v. Grant, 79 Mo. 113, 49 Am. Rep. 218, and came from a State having a Constitution much like ours, and was in a case where a statute existed at the time of the conviction of the witness which rendered him infamous and incompetent to testify, but which statute subsequently, and before such witness was offered, had been so amended as to attempt to remove such disabilities as to parties theretofore convicted. We quote from the decision in the Grant case, supra:

"When the statutes annex certain disabilities, the loss of certain civil rights, to the conviction of a crime, and a conviction of that crime thereafter occurs, thereupon by force and operation of the law and of the judgment of conviction the disabilities become welded to the crime, forming thereby an indivisible integer incapable of separation by any exertion of legislative power. And this is especially true under a constitution such as ours. The position here

taken is plainly this: That the pardoning power is vested by our constitution alone in the governor; that aside from the reversal of the judgment in a criminal cause, the only method of relief from the disabilities annexed to such judgment is by a full pardon of the offense; and that, while the crime itself remains unpardoned, the disabilities annexed thereto will remain unaltered and unaffected by any legislative act. * * *

"But it may be conceded that the disabilities do not form a part of the judgment, and yet the result reached is nowise altered, if it be true that nothing short of a full pardon or a reversal of the judgment can restore the convict to that which he has lost. * * * If, then, the act of the legislature relieves a convict of a part of the punishment, it is, pro tanto, a judgment of acquittal or pro tanto a pardon, either of which is, and both of which are, outside of the legislative domain."

The Grant case is followed by the later case of State v. Landrum, 127 Mo. App. 653, 106 S. W. Rep. 1111. The same principle is upheld by Mr. Underhill in Sec. 335 of his work on Criminal Evidence, 3d., upon citation of the above authorities and Hawkins v. United States, 3 Okla. Cr. 651, 128 Pac. 561. See also State v. Kirby, 96 Miss. 629, 51 So. 811.

In the case before us it was admitted that the witnesses whose testimony was objected to were convicts, and that when they were so convicted the laws of this State expressly made such convictions a bar to their giving testimony as witnesses in the courts of this State, and that but for the passage of the act of the 39th Legislature referred to, such persons would still be incompetent when offered at the time of this trial. Many cases among our own decisions might be cited holding that those collateral consequences, such as incompetence as a witness, or jurors, etc., which attached themselves to a conviction for infamous crimes because of statutes so directing,— as said by Judge Sherwood, in the quotation from the Grant case, supra,—become welded to the crime * * * incapable of separation by any exertion of legislative power. These cases referred to all seem to indicate the view of our learned predecessors to be that such forfeitures and disabilities arising from felony convictions could only be set aside or removed by the action of the Governor in whom, under our Constitution, alone rests the pardoning power. See Hunnicutt v. State, 18 Texas Crim. App. 498; Carr v. State, 19 Tevas Crim. App. 635; Easterwood v. State, 34 Texas Crim. Rep.

400; Locklin v. State, 75 S. W. Rep. 305; Price v. State, 66 Texas Crim. Rep. 400; Corzine v. State, 88 Texas Crim. Rep. 340.

Section 11, Art. 4 of our Constitution expressly confides to the Governor of the State "Power after conviction to grant reprieves, commutation of punishments and pardons; and * * * to remit fines and forfeitures." Nowhere in that instrument is there any remission of such power to the legislative or judicial branches of our government. Mr. Bishop, in Sec. 976 of his work on Criminal Law, 9d., says:

"When therefore the pardon power is vested elsewhere by the constitution an act of the legislature restoring a person convicted of larceny to civil rights is ineffective to restore his competency as a witness."

And again in Sec. 899, id., the same eminent text writer further says:

"While this power (of pardon) is not inherent in any office and may be lodged wherever the people determine, if once it has been conferred by the constitution (elsewhere) it cannot be exercised by the legislature."

We have no doubt that the act of the 39th Legislature under consideration could be upheld as to all persons offered as witnesses in cases comprehended by the terms of said statute, whose final convictions occurred after the passage of said act, and that in such cases the witnesses would be deemed competent; but being convinced that the objection made in the instant case to the testimony of persons finally convicted of felonies prior to the passage of such act,—rested upon a sound basis, and that the Legislature by said act was powerless to remove such disabilities theretofore attached, we now hold that while our former opinion was correct in its reasoning, it did not reach or dispose of the contention of appellant as herein discussed. We therefore hold that the Legislature exceeded its power in so far as said act contained in Chap. 13, supra, related to the witnesses herein, and those similarly situated. The motion for rehearing must be granted, the affirmance set aside, and the judgment of conviction is now reversed and the cause remanded.

*Reversed and remanded.*