## Dick Fitzgerald v. The State.

No. 14123.   Delivered April 8, 1931.
Rehearing Denied May 13, 1931.

The opinion states the case.

*J. W. Culwell,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is burglary; the punishment, confinement in the penitentiary for five years.

A house belonging to G. W. Sosebee was entered by breaking. The owner had a lamp and rug in the house. According to the testimony of the state this property was found in the possession of appellant. An accomplice witness by the name of Churchill testified that he and appellant burglarized the house and took the rug and lamp therefrom. It was appellant's theory, given support in the testimony of his witnesses, that he

bought the property claimed by the injured party. Appellant did not testify in his own behalf.

The witness Churchill had been convicted of a felony subsequent to the taking effect of chapter 13, Acts of the 39th Legislature, First Called Session. He had been incarcerated in the penitentiary, but had subsequently escaped. At the time of the trial he had been recaptured and placed in jail awaiting his return to the penitentiary. The transaction out of which the prosecution against appellant grew had not been committed on a prison farm owned by the state or of which it was lessee; it had not been committed in any jail in the state, or on any railroad, train, or highway along which prisoners were being transported under guard. The witness Churchill had not been pardoned at the time he was called to testify against appellant. Appellant sought to disqualify the witness on the ground that he was incompetent under the terms of the act of the Legislature to which reference has been made. We quote the pertinent part of the act as follows:

"All persons who have been or may be convicted of a felony in the state, and who are confined in the penitentiary or any jail in this state shall be permitted to testify in person in any court for the state and the defendant as to any offense committed on a prison farm owned by the state or of which it is lessee, or in any jail in the state, or on any railroad, train or highway along which prisoners are being transported under guard, and in all such cases compulsory process may issue for the attendance of all such witnessses when directed by the presiding judge, when, in his opinion, the ends of justice may require their attendance.

"Providing further that the defendant may take the depositions of any such witnesses in the manner and form as in civil cases provided by law, and when so taken shall be admitted in evidence. Provided that the provisions of this act shall apply only when the offense is committed on a prison farm owned by the state, or of which it is a lessee; or is committed in one of the prisons of the state; or, where it is committed on a railroad train; or a public highway along which prisoners are being transported under guard; or is committed in some jail."

Prior to the taking effect of the Acts of 1925, p. 145, the statute provided that all persons convicted of a felony were incompetent to testify in criminal actions unless the conviction had been legally set aside, or unless the convict had been legally pardoned for the crime of which he had been convicted. Article 788, Vernon's Code of Criminal Procedure, Annotated, 1916. It was provided in the Acts of 1925 that persons convicted of felony and confined in the penitentiary could not testify in person in any court for the state or for the defendant. It was further provided that the defendant could take the deposition of such convict as in other criminal cases. Construing the act last referred to, this court held in Alexander v. State, 103 Texas Crim. Rep., 620, 281 S. W., 852, and in

Brunet v. State, 26 S. W. (2d) 208, that an unpardoned convict had the same right to testify as a pardoned one, provided he was not incarcerated in the penitentiary at the time of the trial. In Brunet's case, in referring to the Acts of the 39th Legislature, First Called Session, chap. 13, this court said that the language of said act was not clear.

Article 708, C. C. P., as amended, provides that "all persons are competent to testify in criminal cases, except the following:" Two exceptions are set forth, namely, insane persons and children, when shown to be comprehended by the terms of the exceptions. Persons convicted of a felony are not expressly excepted. If it be said that the language of the Legislature, in giving expression to the conditions under which a convict confined in jail or in the penitentiary shall be permitted to testify in open court, is a negation or an exclusion of the competency of such convict as a witness in all other cases, then the act is of doubtful constitutionality. When the statute annexes the loss of civil rights, or certain disabilities to the conviction of a crime, and a conviction of that crime thereafter occurs, the disabilities become welded to the crime by force of the operation of law. In such event the forfeitures and disabilities arising can only be set aside or removed by the action of the Governor in whom, under our Constitution, alone rests the pardoning power. Underwood v. State, 111 Texas Crim. Rep., 124, 12 S. W. (2d) 206; State v. Grant, 70 Mo., 113, 49 Am. Rep., 218. If the language of the statute in question means that persons convicted of felony are competent as witnesses generally unless they are confined in the penitentiary or in jail, and that in the latter event they are incompetent in all cases except those stipulated in the statute, then it would appear that the Legislature attempted to deprive the convict of certain civil rights and place upon him disabilities during the time he was incarcerated, and that after his liberation it was the intention of the Legislature that such rights be automatically restored and the disabilities removed, without the exercise of the pardoning power by the governor.

The act is susceptible of the construction that it was the intention of the Legislature that convicts are not incompetent. If the statute be given this construction, the doubt as to its constitutionality is removed. If given the construction contended for by appellant it is of doubtful constitutionality. Where a statute admits of two constructions, one of which renders it unconstitutional, and the other constitutional, the latter construction will be given it. Anderson v. State, 113 Texas Crim. Rep., 430, 21 S. W. (2d) 499. Giving application to the principles controlling, we are constrained to hold that persons convicted of felony subsequent to the enactment of chapter 13, Acts of the 39th Legislature, First Called Session, are competent to testify in all criminal cases.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — In his motion for rehearing appellant insists that we erred in holding that the witness Churchill was competent. The complaint directed at the admission of his testimony, as appears in bill of exception No. 5, is very indefinite. The bill states that it was admitted by the state that the witness Churchill had been in the penitentiary. No effort appears in the bill to show when he was convicted, or whether he was unpardoned or otherwise. It is said in Texas Juris, sec. 256, p. 380: "A bill complaining that a witness is disqualified because he had been convicted of a felony, and that his rights of citizenship had not been restored, must set out facts showing that the objection was well taken." Roach v. State, 102 Texas Crim. Rep., 176, 277 S. W., 385, and Baxter v. State, 81 Texas Crim. Rep., 234, 194 S. W., 1107, are cited in support of the text. We think this matter correctly disposed of in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*