## CARL PEARSON V. THE STATE.

No. 15526.   Delivered January 18, 1933.
State's Rehearing Denied March 15, 1933.
Reported in 57 S. W. (2d) 841.

The opinion states the case.

*H. J. Cureton,* of Meridian, and *Tirey & Tirey,* of Waco, for appellant.

*J. P. Word,* County Attorney, of Meridian, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for murder without malice; punishment, four years in the penitentiary.

Appellant was charged with the unlawful killing of one Gladys Crawford. His whole defense was that of a mistake in identity in that he thought and believed that he was shooting at and killing a negro woman whom he claimed to be a concubine of his father, who was some 75 or 76 years of age at the time. Appellant contended that said negro woman had been living with his father for some time prior to the killing. The appellant himself testified to the facts touching the killing substantially as follows: "I went out there and went up to the top of the hill and turned my car around and came back and got out and went in there for the sole purpose of telling this negro woman that if they moved back to town I was going to have to kill them. As I opened the door and went in right where

I had seen this negro woman—I had been out there and seen her slipping around and poking her head from out behind things, and on this occasion as I stepped in the door Mrs. Crawford (deceased), evidently thought it was her husband or somebody coming in for she stepped right out there where I had seen this negro woman on two or three occasion, stepped right out that identical way, and when I laid eyes on her it was dark in that room, as dark as could be—and I had my gun down and I don't know whether I put it to my shoulder or not; I don't remember; but I just 'snap,' 'snap,' thinking all the time I was killing that negro woman. I would not have shot Mrs. Crawford for the world."

Bill of exception No. 2 complains of the following action in regard to the witness Loy Poole, a negro, in regard to the admission in evidence of his testimony for the state. The bill shows that for the purpose of making objection, the appellant's counsel interrogated said witness as to whether or not he had been to the penitentiary. The bill shows that said witness without objection admitted that he had been to the penitentiary one time and he went from Bosque county; that he had served his sentence out and gotten a discharge from the penitentiary, and the bill shows that the defendant objected to said witness' testimony when it was offered for the reason that the record shows that the witness had been convicted of a felony in this state on or about October 4, 1926, and said witness had never been pardoned and no pardon was introduced by the state showing that said witness had been pardoned, and offered in support of said objection the judgment and sentence showing that said witness had been convicted of a felony and sentenced to a term of two years in the penitentiary on the 4th day of October, 1926. The court overruled appellant's objection to said Poole testifying and qualified said bill to the effect that the witness was convicted in October, 1926, and was not in the penitentiary at the time of giving this testimony.

We think the court was correct in admitting the testimony of said witness. The evidence showed that he was convicted on October 4, 1926. Article 708, C. C. P., before it was amended by the 39th Legislature, which amendment went into effect in January, 1927, provided that "all persons who have been or may be convicted of a felony in this State, and who are confined in the penitentiary shall not be permitted to testify in person in any court, for the State or for the defendant, but their deposition may be taken by the defendant as in other criminal cases provided by law." It will be noted that under said act above set out a person who had been convicted and who is confined in the

penitentiary shall not be allowed to testify. Said article referred to, article 708, was construed in the case of Alexander v. State, 103 Texas Crim. Rep., 620, 281 S. W., 852, to mean that an unpardoned convict has the same right to testify as a pardoned one, provided he is not incarcerated in the penitentiary at the time of trial. See, also, Brunett v. State, 26 S. W. (2d). 208.

By proper bill of exception, it is shown that on the trial of this case one Oscar Maberry, when placed upon the stand by the state, testified without any objection on behalf of the state that he had been convicted and sent to the state penitentiary for the offense of perjury from Bosque county and he had been pardoned after he had served about 19 months; that he was convicted of the offense of perjury in 1912. The bill further shows that no objection was made by the state to the answer of the witness that he had been sent to the penitentiary. It is true that the witness testified that he had a pardon but none was produced and offered in evidence, and the appellant did offer the judgment of conviction and sentence, and, as we understand the bill, objected to the witness' testimony unless the pardon was duly shown in evidence. We think that the objection of the defendant to the competency of the witness should have been sustained. Before the amendment to article 708 of the Code of Criminal Procedure by the acts of the 39th Legislature, article 788 of the old Code of Criminal Procedure provided in subdivision 3 that all persons who have been or may be convicted of a felony in this state or in any other jurisdiction, unless such conviction has been legally set aside, or unless the convict has been legally pardoned for the crime for which he was convicted, are incompetent to testify; and further provided that no person who has been convicted of the crime of perjury or false swearing and whose conviction has not been legally set aside shall have his competency as a witness restored by pardon unless such pardon by its terms specifically restored his competency to testify in a court of justice.

It will be seen from said subdivision that, even though the witness had been pardoned, his competency as a witness was not restored by a pardon unless such pardon by its terms specifically restored his competency to testify in a court of justice. This was not shown or attempted to be shown by the state. Having been convicted of the offense of perjury prior to the taking effect of article 708, C. C. P., as amended by Chapter 13, General Laws, First Called Session, 39th Legislature, 1926, the witness was not made competent to testify as a witness, under the authorities of this court, by said act and its

amendment. We quote in part from Fitzgerald v. State, 39 S. W. (2d) 47, 48: "Under the provisions of our law, Article 708, C. C. P., as amended by Chapter 13, General Laws, First Called Session, 39th Legislature (1926), Vernon's Ann. C. C. P., Art. 708, as construed in Underwood v. State, 111 Texas Crim. Rep., 124, 12 S. W. (2d) 206, 63 A. L. R., 978, any convict is competent to testify as a witness, even tho convicted of a felony and unpardoned, provided he was convicted subsequent to the taking effect of said amended statute above referred to." As said in Thompson v. State, 205 S. W., 988, "It seems to be well settled where a convict witness is offered, and objection is made on that ground, then, in order to permit his testimony, it must be shown by the production of a pardon that he had been restored to his citizenship, where it is urged."

The bill of exception shows that the purpose of the question to the witness as to whether he had been to the penitentiary or not was to establish the incompetency of the witness so that his testimony might be objected to and upon the testimony being developed that he had been sent to the penitentiary by being convicted of a felony, towit, perjury, the objection was made on the ground that the witness had been convicted of a felony and was disqualified. The court overruled the objection, as shown by said bill of exception, and the witness gave material testimony conflicting in several ways with the testimony of the appellant and some of his witnesses. The bill shows, as we construe it, that the questions asked the witness as to his conviction for a felony were for the purpose of disqualifying him and were not sought merely for the purpose of affecting the credibility of the witness. It having been shown by the witness' testimony before he testfied that he had been convicted of a felony and sent to the penitentiary, it was incumbent upon the state to show that he had been pardoned and that said pardon was a full pardon and not partial or conditional and that said pardon restored his competency as a witness by its terms specifically restoring his competency to testify in a court of justice. See Thompson v. State, supra; Brown v. State, 274 S. W., 588; Jones v. State, 36 S. W. (2d) 736.

Appellant also objects to certain paragraphs of the court's charge, claiming that each of said paragraphs contained an affirmative submission of the state's rights to a conviction and constitutes a repetition. Paragraph 6 of said charge merely instructs the jury that "if you find the appellant guilty of the unlawful and voluntary killing of Gladys Crawford and if you further find from the evidence beyond a reasonable doubt that it was done with malice aforethought, then you will assess his

punishment at death or confinement in the state penitentiary for life or for any term of years not less than 2." Paragraph 9 of said charge is to the effect that if from the evidence the jury believed beyond a reasonable doubt that the appellant, Carl Pearson, in Bosque county, Texas, on or about the 29th day of March, 1932, without malice, as hereinbefore defined, did voluntarily kill the said Gladys Crawford, by shooting her with a gun, as alleged in the indictment, then you will find the appellant guilty of murder and assess his punishment at confinement in the penitentiary for not less than two nor more than five years.

The appellant was convicted of the unlawful killing without malice aforethought. Under the law he presents no defense which would justify said killing, but the reliance is made alone upon the mitigating circumstances which would reduce the offense to an unlawful killing without malice. We do not believe that any harm was done to the appellant by reason of said sections of the charge complained of, and therefore does not show reversible error under article 666 of the C. C. P.

Complaint is also made of the failure of the court to grant a new trial for the reason that one of the jurors was disqualified because of expressions made by him before he was accepted as a juror; complaint is also made of the failure of the court to grant a new trial because of arguments of the district attorney made in his closing argument to the jury. As these matters are not liable to occur upon another trial of the case, we pretermit a discussion thereof.

Because of the error pointed out in admitting the testimony of the witness Maberry, over the objection of the appellant, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.