

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 23, 1960

Hon. Charles J. Lieck, Jr.
Criminal District Attorney
San Antonio, Texas

Opinion No. WW-918

Re: Constitutionality of
Art. 5118a, V.C.S.,
authorizing commuta-
tion by sheriffs of
sentence of persons
confined in county
jail.

Dear Mr. Lieck:

This office is in receipt of your recent request for
an opinion as to the constitutionality of Article 5118a, Vernon's
Civil Statutes. The essential portion thereof follows:

". . . Commutation of time for good conduct,
industry and obedience may be granted the inmates
of each county jail by the sheriff in charge. A
deduction in time not to exceed one third (1/3) of
the original sentence may be made from the term or
terms of sentences when no charge of misconduct has
been sustained against the prisoner. A prisoner
under two (2) or more cumulative sentences shall be
allowed commutation as if they were all one sentence.
. . ."

The constitutionality of the statute depends upon the
construction placed thereon in light of Article IV, Section 11,
of the Texas Constitution, as follows:

". . ."

"In all criminal cases, except treason and im-
peachment, the Governor shall have power, after con-
viction, on the written signed recommendation and
advice of the Board of Pardons and Paroles, or a
majority thereof, to grant reprieves and commutations
of punishment and pardons; and under such rules as the
Legislature may prescribe, and upon the written recom-
mendation and advice of a majority of the Board of
Pardons and Paroles, he shall have the power to remit
fines and forfeitures. The Governor shall have the
power to grant one reprieve in any capital case for

a period not to exceed thirty (30) days; and he shall have power to revoke paroles and conditional pardons. With the advice and consent of the Legislature, he may grant reprieves, commutations of punishment and pardons in cases of treason."

". . ."

The courts have consistently held that the authority to grant pardons and paroles and to commute sentences is vested in the Governor and that it cannot be altered by the Legislature. See Ex Parte Miers, 64 S.W.2d 778, (Tex.Crim.App. 1933), wherein the court held:

". . . In Snodgrass v. State, 67 Tex.Cr.R. 615, 150 S.W. 162, 165, 41 L.R.A. (N.S.) 1144, this court defined a pardon as follows: 'A pardon, however is held to be an act of grace proceeding from the power intrusted with the execution of the laws which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime which he has committed.' The pardoning power is inherent in sovereignty, and may be lodged wherever the people determine. However, if once it has been conferred by the Constitution, it cannot be exercised by the Legislature. Underwood v. State, 111 Tex.Cr.R. 124, 12 S.W.(2d) 206, 63 A.L.R. 978; Ex Parte Muncy, 72 Tex.Cr.R. 541, 163 S.W. 29. Section 11, article 4, of our Constitution expressly confides to the Governor of the state 'power after conviction, to grant reprieves, commutations of punishment and pardons.' Nowhere in the Constitution is there any remission of such power to the legislative or judicial branches of our government. It is observed that the power to pardon granted to the Governor is to pardon after conviction, and that the Legislature is without authority to give to others the power to pardon after conviction. Snodgrass v. State, supra; Ex Parte Muncy, supra. . . ."

It should be noted that at the time of the opinion in the Miers case, the Governor had complete authority to grant clemency. However, subsequently, in 1936, as a result of the indescriminate use of such power by some governors, the constitutional provision was amended to require the recommendation and advice of the Board of Pardons and Paroles prior to the governor's exercise of such power. (See "Interpretive Commentary" following Article IV, Section 11, Vernon's Annotated Texas Constitution.)

The courts have jealously guarded this power of the governor from any encroachment by the Legislature or judicial branch of the government. See Ex Parte Miers, supra, and the cases cited therein.

Hon. Charles J. Lieck, Jr., page 3 (WW-918)

        In Ex Parte Anderson, 192 S.W.2d 280, (Tex.Crim.App. 1946), the court considered the constitutionality of Article 6184-1, V.C.S. which states, in part, as follows:

        ". . . Commutation of time for good conduct, industry and obedience shall be granted by the General Manager and twenty (20) days per month deduction shall be made from the term or terms of sentences of all prisoners in Class I . . . and ten (10) days per month deduction shall be made from the terms of sentences of all prisoners in Class II . . . ."

        The Court of Criminal Appeals held the Act to be constitutional and in so doing distinguished this type of commutation from that which is a mere "act of grace of the sovereign:"

        "The power of the Legislature to authorize, by statute, reduction of sentences of convicts for good conduct is generally accepted. That power rests upon the fact that the commutation is allowed as a reward for the good conduct and behavior of a prisoner. 41 Am.Jur., p. 914, sec. 41. So then, in order for a convict to be entitled to commutation, he must first earn it in accordance with the statute and the requirements thereof.

        "A statute that extends to convicts commutation of sentence as a mere gift or as a matter of clemency would be violative of Article 4, Sec. 11, of our State Constitution Vernon's Ann.St., which places the matter of clemency to convicts exclusively in the hands of the Board of Pardons and the Governor of this State.

        "The fact, then, that a convict must first earn, by his own conduct, commutation extended by the Legislature is a distinguishing feature. Commutation is earned by the convict. Clemency is extended as an act of grace by the authorities having that power under the Constitution."

        By applying the foregoing authorities to Article 5118a, V.C.S., we are constrained to hold that the statute is constitutional. The only essential difference between Article 6184-1, V.C.S., which was held to be constitutional in the Anderson case, supra, and Article 5118a, V.C.S., is that in the latter, the sheriff is given the discretion of giving a prisoner a deduction in time even though he has a record of good conduct. This simply means that where a prisoner has an unquestioned good conduct record, the sheriff is not under a duty to release him in less time than called for in the sentence. Thus, the crucial question

Hon. Charles J. Lieck, Jr., page 4 (WW-918)

is whether this kind of discretion is within the prohibition of Article IV, Section 11, of the Constitution as interpreted by the Anderson case, supra.

The only act prohibited by the Anderson case, supra, is the release of a prisoner when he has not earned a commutation in accordance with the statute; that is, by exhibiting good conduct. Article 5118a, V.C.S. plainly requires good conduct as a basis for commutation. Thus the sheriff can only commute a sentence where the same facts exist as required by Article 6184-1, V.C.S. The fact that the Legislature has given him the right to not commute a sentence, can in no way invalidate Article 5118a, V.C.S. By not commuting a sentence, he cannot be said to have exercised clemency. Conversely, neither can he exercise clemency where he commutes a sentence on the basis of good conduct. Therefore, Article 5118a must be held to be constitutional.

## SUMMARY

Article 5118a, V.C.S., granting the sheriff the authority to commute the sentences of county prisoners upon good behavior, is not in conflict with Article IV, Section 11, of the Texas Constitution, which vests clemency power in the Governor and the Board of Pardons and Paroles.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Donald R. Bernard
Donald R. Bernard
Assistant

DRB:ljb

APPROVED:

OPINION COMMITTEE:

W. V. GEPPERT, Chairman

Cecil Cammack
Ralph R. Rash
Lawrence Hargrove

REVIEWED FOR THE ATTORNEY GENERAL
BY   Leonard Passmore