## J. C. PRYOR V. THE STATE.

### No. 5966. Decided November 24, 1920.

**1.—Forgery—Passing Forged Instrument—Insufficiency of the Evidence.**

Where, the alleged forged instrument was set out in the indictment, and it did not appear from the record that any such instrument, either in form, substance, tenor, or effect was introduced in evidence, the conviction cannot be sustained. Following McConnell v. State, 85 Texas Crim. Rep., 409.

**2.—Same—Evidence—Judgment—Parole Testimony.**

While, the rule of evidence is that the good faith and validity of the judgment of the court of record cannot be attacked by parole, but the matter was brought out in the testimony of other witnesses without objection, there was no reversible error.

Appeal from the District Court of Taylor. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Taylor County of the offense of passing a forged instrument, and given a sentence of two years in the penitentiary.

In the indictment, it was alleged that the forged instrument passed by the appellant, was of the tenor following:

"No. 970-

### CELINA STATE BANK 37-5

CSB                 Celina, Texas, January 18, 1920

Pay to the order of A. H. Richardson................$250.00

Two Hundred Fifty Dollars............................Dollars

To Merchants & Planters National Bank,

1-91                 Sherman, Texas.

                       M. Button,

                         Cashier."

Nowhere in the statement of facts is the alleged forged instrument set out, nor does the same appear to have been introduced in evidence further than that on page 29 of the Statement of facts, appears the following:

"At this time the State of Texas introduced in evidence check dated January the 20th, 1920, Selina, Texas; Selina State Bank, pay to the order of A. H. Richardson $250; signed M. Button."

. This does not appear to be either in form, substance, tenor or effect, the instrument set out in the indictment. The uniform holding of this Court is that the alleged forged instrument must have been introduced in evidence, and that fact substantially appear in the record. McConnell v. State, 85 Texas Crim. Rep., 409, 212 S. W. Rep., 498.

The instrument offered in evidence, and referred to above, seems to be the personal check of one Button, drawn on the Selina State Bank, on January 20, 1920. That set out in the indictment would appear to be a draft drawn by M. Button, cashier, an officer of the said State Bank, on the Merchants & Planters National Bank, of Sherman, Texas on January 18, 1920. This is a fatal variance, and the evidence fails to show that the instrument set out in the indictment was attempted to be passed by appellant.

The evidence of the witness Martin would appear to be inadmissible, as attacking by parol the good faith and validity of a judgment of a court of record, but we observe that the same matters were brought out in the testimony of other witnesses without objection, and in such case, the error of the admission of Mr. Martin's testimony would be harmless.

For the reason that the evidence fails to show that the instrument set out in the indictment was in fact passed, and because of the variance between the terms of the alleged instrument, and that offered in evidence, the judgment will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*