ARTHUR SPANN v. THE STATE.

No. 13487. Delivered October 8, 1930.
Rehearing denied November 19, 1930.
Reported in 32 S. W. (2d) 455.

The opinion states the case.

R. E. *Eubank* and Chas. *Roach,* both of Paris, for appellant.

A. A. *Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for three years.

State's witness, Aubrey Wright, testified that appellant sold him a half gallon of whisky. It appears that Wright called appellant over the telephone in the presence of some officers and told him he wanted to buy a half gallon of whisky. According to Wright's testimony, which was undisputed, appellant replied that he would sell him the whisky. One of the officers carried Wright to his (Wright's) home and the other officers followed them. Wright got out of the car about a block from his home. In a few ·mo-

ments, according to Wright's testimony, appellant appeared, drove his automobile into Wright's yard and delivered the whisky, for which Wright paid him three dollars. While the officers, according to their testimony, did not see appellant deliver the whisky to Wright, they saw him drive into the yard. This occurred 30 or 40 minutes after Wright had the telephone conversation with appellant. Immediately after appellant drove into Wright's yard, the officers entered the house and found a half gallon of whisky. Appellant introduced no testimony.

It appears from bill of exception No. 2 that appellant objected to the use by the state of the witness Wright on the ground that he was an unpardoned convict. In support of the objection, appellant offered a certified copy of the judgment of conviction showing that the witness had been convicted in the State of Oklahoma of grand larceny. The copy did not appear to be in due and legal form, and the court declined to permit it to be introduced. On cross-examination, the witness testified that he was the same person who had been convicted for grand larceny in Oklahoma, and that he had served a term in the penitentiary. We are unable to determine from the bill whether the conviction occurred prior to the enactment of Chap. 27, Acts of the 39th Legislature. In any event, the court, in the first instance, properly declined to disqualify the witness, the record of conviction not being correctly authenticated. After it developed on cross-examination that the witness had been convicted of grand larceny in the State of Oklahoma, appellant made no motion to exclude his testimony, nor did he then in any other way raise the question of the competency of the witness. It may be added that the state at no time waived the objection to the disqualifying proof.

It appears from bill of exception No. 4 that the district attorney asked state's witness Aubrey Wright why he had not been in attendance upon court at its last term. Appellant objected to the question on the ground it was prejudicial. The court stated that the witness would not be permitted to answer the question unless it was shown that appellant had something to do with keeping the witness from appearing. Upon the promise of the district attorney that appellant's connection with the matter would be shown, the objection was overruled. The witness testified without further objection that he had remained away from court on account of fear; that appellant's attorney and two other persons came to him in appellant's absence and told him it would be a good idea for him not to come to court; that thereafter appellant came to him and took him

in his (appellant's) automobile to Wichita Falls, telling him not to come back to court until the trial was over. It was proper for the state to show that appellant was responsible for the absence of the witness. Branch's Annotated Penal Code, Section 162. Hence the fact that appellant carried the witness to Wichita Falls and told him not to return until the trial was over was properly received in evidence. If the endeavor of appellant's attorney and others to prevent the appearance of the witness was not shown to have been authorized by appellant, it was incumbent upon appellant to single out the testimony touching such matter and request the trial court to withdraw it from the consideration of the jury. This he failed to do. It may be added that it was not clear that appellant's action in taking the witness to Wichita Falls immediately after his attorney and others had called upon the witness was not sufficient to justify the conclusion that appellant authorized said parties to take the action to which reference has been made.

Bill of exception No. 6 deals with appellant's objection to testimony touching a conversation had by state's witness Wright with appellant over the telephone. As we understand the bill of exception in the light of the court's qualification, the sheriff, who was present when the conversation was had, was asked by the district attorney to state what the witness Wright said. Appellant objected on the ground that the sheriff did not hear the party talking at the other end of the line and could not testify as to what he heard the witness Wright say over the 'phone. The objection was overruled. Whereupon the witness testified that Wright called someone over the telephone. He was then asked to state what Wright said. He answered: "He first called down there and Mrs. Spann answered the 'phone and said he was not in and to call back in a few minutes." The answer was not responsive to the question, but appellant made no motion to strike it out. It appears from the court's qualification that the witness gave no further testimony touching the matter. We quote as follows: "No request was made for the striking out of the unresponsive answer of the witness just detailed about Mrs. Spann answering the 'phone and no other or further testimony was offered or admitted about the telephone conversation except from the witness who talked over the 'phone, made arrangements over it for the liquor, and went and got it with the officers at defendant's house." As qualified, the bill of exception fails to manifest error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The fact that State witness Wright was a convict, did not disqualify him from giving testimony, Chap. 13, Acts 39th Legislature, First Called Session, p. 20, unless it be made to appear affirmatively that such disability attached by virtue of a final conviction for a felony prior to the passage of said act above referred to. Underwood v. State, 111 Texas Crim. Rep. 124. Having failed to show such fact, appellant's renewed objection to the testimony of witness Wright is of no avail.

The bill of exception taken to the testimony of Sheriff Walters, is so qualified as that same presents no error. There was no exception taken to the qualification attached by the trial court, and we must decide the merits of the bill in the light of said qualification. Two other matters set up in the motion seem without merit, and a discussion of same would be but repetition.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.