DICK FITZGERALD v. THE STATE.

No. 14301.   Delivered May 6, 1931.
Rehearing Denied June 3, 1931.

The opinion states the case.

*J. W. Culwell,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, ten years in the penitentiary.

The testimony for the state seems to conclusively establish appellant's guilt. There being no contention in appellant's brief as to the sufficiency of the testimony, we see no need for setting same out at any length.

The state introduced one Churchill, a self-confessed accomplice, and reliance was largely had upon his testimony for conviction. Bill of exception No. 3 complains of the overruling of appellant's objection to the testimony of this witness, made upon the ground that the witness was at the time of this trial an escaped convict from the penitentiary of Texas, and that he had never been pardoned. Under the provisions of our law, article 708, C. C. P., as amended by chapter 13, General Laws, First Called Session, 39th Legislature, as construed in Underwood v. State, 111 Texas. Crim. Rep., 124, 12 S. W. (2d) 206, any convict is competent to testify as a witness, even though convicted of a felony and unpardoned, provided he was convicted subsequent to the taking effect of said amended statute as above referred to. Said statute took effect in January, 1927.

Neither the bill of exception complaining of this matter nor the record otherwise shows when the witness Churchill was convicted. We said in Spann v. State, 116 Texas Crim. Rep., 268, 32 S. W. (2d) 456, that in order to avail the objector presenting an objection to the competency of a witness upon the above ground, he must make it affirmatively appear that said witness had become a convict and his disability thus attacked prior to the taking effect of said statute. The only thing we find in this record relative to the time of conviction of the witness Churchill is a statement that he went to the penitentiary and was there received in April, 1928. Under these facts the action of the trial court in overruling appellant's objection was correct, and the bill shows no error.

Appellant's bill of exception No. 2 presents objection to a quoted portion of the testimony of Mr. Heare. The objection was that the witness was testifying as to an invoice that he did not know was correct, and that his testimony was secondary evidence. There is nothing in the bill by

which this court may be apprised of the soundness or truth of the facts thus stated as objections. Such bill is of no avail.

Bills of exception Nos. 5 and 6 complain of the refusal of the court to instruct the jury to return a verdict of not guilty. We perceive no error in the refusal of the requested instruction. Bill of exception No. 7 complains of the refusal of a special charge instructing the jury that the witness Churchill was incompetent. This charge was correctly refused.

There were no exceptions to the charge of the court.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant complains of our refusal to consider bill of exception No. 2. It recites that on cross-examination the witness Heare testified to certain facts set out in the bill. It is then recited that appellant objected to the testimony which he had himself elicied. It was evidently the purpose of appellant to complain that by reason of the things developed on cross-examination of the witness his evidence given on direct examination should have been withdrawn, but the bill discloses there was no such request made of the court.

There seems to be no question as to the identity of the property taken from the burglarized depot. One witness testified positively that appellant told her that it was taken out of the depot at Tahoka.

The motion for rehearing is overruled.

*Overruled.*