LONNIE LEE V. THE STATE.

No. 16542.   Delivered March 21, 1934.
Reported in 70 S. W. (2d) 190.

The opinion states the case.

*Wm. McMurrey,* of Cold Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment assessed at confinement in the state penitentiary for a term of 99 years.

It appears from the record that on the 15th day of August, 1933, the grand jury in and for San Jacinto County, Texas, returned separate indictments against the appellant, J. Lee, and Obie Lee, charging them with the murder of Amon Copeland.

By bill of exception No. 1 appellant complains of the action of the trial court in overruling his application, supported by

affidavit, asking for a severance, and that J. Lee be first placed on trial. The application, supported by affidavit, is in the language of the statute (article 651, C. C. P.), that he and J. Lee were separately indicted for the same offense and that there was not sufficient evidence against said J. Lee to secure his conviction and that the testimony of J. Lee was material in behalf of the affiant. The state contested said application, setting forth in its contest that J. Lee had not been arrested, had not been served with a copy of the indictment, nor had he been served with a copy of the venire, and if the application was granted it would result in a continuance of the case. To this contest on the part of the state, the affiant, by supplemental affidavit, averred that William McMurrey was the attorney for J. Lee as well as attorney for affiant; that on the 16th day of August, 1933, after the affiant and J. Lee had been indicted for said offense, his attorney, William McMurrey, had a conference with the Hon. J. L. Manry, judge of said court, and the attorneys representing the state, at which time it was tentatively agreed that the cases of all defendant who were charged with the murder of Amon Copeland be set for trial on the 6th of September; that the judge agreed to have a bench warrant issued for J. Lee who was then confined on one of the state prison farms; that thereafter on the 5th of September, William McMurrey, the attorney for appellant and for J. Lee, inquired of the court what action he had taken looking to the return of said J. Lee to Cold Springs for trial, at which time the court informed Mr. McMurrey that he had not taken any action, but instructed Mr. McMurrey to direct the clerk of said court to issue a bench warrant for the return of said J. Lee; that before McMurrey had an opportunity to convey to the clerk the court's instruction. the court withdrew said order on the ground that no copy of the indictment and no copy of the venire had been served on said J. Lee. To this Mr. McMurrey replied orally and in writing that he, as the attorney for J. Lee, would waive service of the copy of the indictment as well as a copy of the venire, all of which is fully set forth in the bill of exception.

The court approved the bill of exception with the qualification that after he had told McMurrey to direct the clerk to issue the bench warrant he remembered for the first time that J. Lee had not been arrested for said offense, and it being but a day before the companion cases were to be tried he refused to issue the bench warrant. It is further shown in the bill of exception that J. Lee was then confined on the Wynne State Farm some 46 miles from Cold Springs and that he, the said J. Lee,

could be brought back to Cold Springs within 3 hours time, which would not force a continuance.

If J. Lee, although a convict and confined in the penitentiary, was a competent witness and his testimony was material to the appellant, then the appellant was entitled to his testimony. This court held in the case of Fitzgerald v. State, 118 Texas Crim. Rep., 64, 39 S. W. (2d) 47, that under article 708, C. C. P., as amended by Chapter 13, General Laws, First Called Session, 39th Legislature, a convict is a competent witness. This being now the rule, and the appellant having made the formal affidavit prescribed by article 651, C. C. P., and setting forth that the testimony of the said J. Lee was material to his defense, and no good and sufficient reason being shown why the motion should not be granted, we are of the opinion that the court erred in not complying with the motion to put J. Lee on trial first. It is quite evident from the facts stated in the affidavit and in the bill of exception that if the court had ordered the bench warrant issued on the 5th of September that J. Lee could have been brought back to Cold Spring within a few hours time and without causing any delay in the trial of any case.

By bills of exception 2, 3, 4, 5, and 6 the appellant complains of the action of the trial court in declining to permit him to prove facts which had some relation to a case of theft of cattle with which J. Lee had been charged. This testimony appears to us to have had no relation to or bearing on the appellant's theory of self-defense, and therefore was irrelevant. Had the court permitted the introduction of said testimony, he probably would have had to suspend for the time being the trial of the murder case and thrash out the cattle theft case, and then proceed with the murder case. We do not see any error in the court's ruling.

Bills of exception 7, and 9 to 18, both inclusive, appear to us to be without merit and are overruled. The matter complained of in bill of exception No. 8 will no doubt not arise again upon another trial.

By bill of exception No. 19 appellant complains of the action of the trial court in declining to permit him to prove by several witnesses that the reputation of the Lee family as law abiding citizens was good. The appellant was entitled to prove his own good reputation as a law abiding citizen, but not that of any of his family not on trial and not connected with the alleged offense.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.