JOHNIE DADE V. THE STATE.

No. 16960.   Delivered October 31, 1934.
Rehearing Denied December 12, 1934.
Reported in 76 S. W. (2d) 778.

The opinion states the case.

*A. R. Rucks* and *Floyd Enlow*, both of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment assessed at death.

The facts as developed on the trial of the case are in substance as follows: Roy S. Lapham, who lived in a barn near the town of Alvin in Brazoria County, Texas, was found dead in his bed by Floyd Jackson on the morning of December 25, 1933. His head had been crushed with some blunt instrument; an axe with some blood and hair on it was discovered in the room of deceased standing against the wall near the door. The appellant had been seen at the home of deceased on Saturday, December 23, two days prior to the time that the deceased was found dead. Mr. Burnhagen saw the deceased in the town of Alvin on Saturday, December 23, at about 7 P. M. and the deceased at that time exhibited to him a ten dollar bill, but when deceased was found no money was found on his person or in his room. On the night of December 25, 1933, the appellant, in company with another negro boy, appeared at the home of Silas Addison in the city of Houston at about 12 o'clock and told Addison that he had killed a man. On the following morning at about 5:30 A. M. the appellant and his companion again appeared at the home of Silas Addison and asked Addison to go to the home of Benny Addison and see what they wanted him

for.  On the afternoon of said date Silas Addison saw in the newspaper an account of the murder of a man at Alvin, Texas; that he had it read to the appellant who walked away after making the following remark, "I am going to the Brazos bottom," but in a very short time he returned to the home of Silas Addison and said, "The law is all out there looking for me and I am going to Mary Johnson's house."  The record further discloses that he went to the home of Mary Johnson and remained in a room which he and a hoodoo doctor occupied until Sunday afternoon, when the officers arrested him.  Mary Johnson testified that she never saw the appellant leave the room at her house from the time he came there on Wednesday until Sunday afternoon, when he was arrested.  Sunday evening, after the appellant was arrested, the sheriff of Brazoria County came to Houston and took the appellant to Richmond where he made a written confession to the county attorney in which he outlined his connection with the offense of which he was convicted and which written confession was introduced in evidence by the State.  On the trial the appellant repudiated the written confession and claimed that he was struck by the sheriff of Brazoria County, that he was kicked and hit by the deputy sheriff of Fort Bend County, until he made up the story which he related to the county attorney.  The sheriff of Brazoria County and his wife, who accompanied him when he took appellant from Houston to Richmond, denied that the appellant was struck and forced to make the confession.  The deputy sheriff of Fort Bend County also denied that he kicked the appellant or in any way mistreated him or coerced him to make any confession.  The county attorney of Fort Bend County, to whom the confession was made, testified that the appellant's confession was free and voluntary.  The appellant's defense was that of an alibi.

The issue of whether the purported confession of the appellant was obtained by duress, threats, fear, fraud, coercion or by persuasion or any other improper influence was submitted to the jury under an appropriate instruction and determined against the appellant's contention.

The appellant's first contention is that the verdict of the jury is against the preponderance of the evidence and is not supported by sufficient evidence to warrant his conviction.  We have carefully reviewed the statement of facts and are forced to the conclusion that the evidence is sufficient, notwithstanding the fact that the State failed to produce the party as a witness who carried appellant and his companion from Houston to Alvin on the night of December 25, 1933.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting Silas Addison, an unpardoned convict, to testify to certain incriminating facts, which have been set forth above. The objection to the testimony was that the witness was incompetent to testify by reason of such conviction with no showing of restoration of citizenship. Since the amendment of article 708, C. C. P., by the 39th Legislature, it is no longer a disqualification of a witness that he has heretofore been convicted of a felony. See Fitzgerald v. State, 39 S. W. (2d) 47, and Lee v. State, 70 S. W. (2d) 190.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the State to introduce as evidence the purported confession, it being claimed that the warning given to the appellant as stated in the confession was not in compliance with the statute in that it included more than the statute requires, in this: that the appellant was advised that he had a right to make a statement, and because the confession was obtained as the result of threats, duress, and violence on the part of the officers. The confession contained all the statutory requirements, and the fact that it contained the additional statement that appellant was advised that he had a right to make a statement would not destroy its validity as a voluntary confession. All other issues of fact raised by the testimony of appellant were submitted to the jury by the court under appropriate and adequate instructions and were determined adversely to appellant's contention.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant contends that in refusing to instruct the jury to disregard the testimony of the witness Silas Addison and in receiving in evidence the written confession of the appellant reversible error was committed. The witness Silas Addison was called by the State. He was an uncle of the appellant. His direct and cross-examination, including the written statement made before the trial, embraces thirteen pages in the statement of facts. His testimony was summarized in the original opinion, and a repetition of it is not deemed necessary in this opinion. After the

State and the appellant had excused the witness on his direct examination, he was recalled by the appellant and gave the following testimony:

"My name is Silas Addison. I was on the stand yesterday a while. I have been in the penitentiary. I was sent to the penitentiary in a car theft case."

Appellant testified in his own behalf but made no statement with reference to whether he knew at the time the trial began that Addison had been a convict. Neither in the statement of facts, in the bills of exception, nor in the motion for new trial is it shown that the date of Addison's conviction was not known to the appellant at the time of the trial. The record, as now presented, fails to assert as a fact that Addison's conviction was prior to the change in the law, which formerly forbid but at present permits, a convict to give testimony as a witness. See Underwood v. State, 111 Texas Crim. Rep., 124, 12 S. W. (2d) 206. (See especially opinion on motion for rehearing). At the time Addison testified he was prima facie a competent witness. If in fact his conviction was prior to October 14, 1926, it was incumbent upon the appellant to show it. So far as the record discloses, no inquiry was made of Addison upon the subject, nor did appellant put forth any effort to show that Addison was incompetent to testify. He and Addison were closely related. If Addison was a disqualified witness, the appellant's relation and intimacy with him apparently would have affected appellant with knowledge on the subject.

The motion for rehearing is overruled.

*Overruled.*