N. B. HERRINGTON v. THE STATE.

No. 17812. Delivered December 18, 1935.
Rehearing Denied January 29, 1936.

The opinion states the case.

*C. D. Wright,* of Silverton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for one year.

Jim Wood, the injured party, and appellant were not on good terms. On the occasion of the alleged assault they met in the town of Quitaque. According to the version of the State, Wood said to appellant: "Put your gun down. I don't want any trouble. I just want to tell you how low down and dirty you are and then you can go." Wood's father, who was present, seized a tire tool and told appellant if he pulled a pistol he would knock his head off. As appellant was leaving the scene of the difficulty Wood said that if someone would take appellant's pistol off of him he would whip him. According to Wood and other witnesses for the State, appellant walked around the corner of a building but returned in a few moments with a pistol in his hand. Wood ducked behind a bystander as appellant approached him. Nevertheless appellant shot him in the region of the heart. After he fell appellant shot him again. Wood was making no demonstration at the time appellant shot him.

The testimony of appellant's witnesses raised the issue of

self-defense. According to their version, the injured party had cursed appellant and was preparing to attack him with a tire tool when appellant shot him.

Appellant contends that the evidence is insufficient to support the conviction, his position being that the uncontroverted proof shows that he acted in self-defense. It has been observed that the testimony of the State showed that appellant left the scene of the difficulty but shortly returned and shot the injured party at a time when he was making no effort to assault the appellant. On the contrary, appellant's witnesses gave testimony which, if believed, would have warranted the conclusion that appellant acted in self-defense. The jury had the right to accept the State's version.

No order extending the time for filing bills of exception was entered. Court adjourned January 26, 1935. Appellant had thirty days after the day of adjournment in which to file his bills of exception. Art 760, C. C. P. Said bills were not filed until April 25, 1935. Manifestly they were filed too late and the objection on the part of the State to their consideration must be sustained.

Appellant contends that the charge on self-defense was inadequate in view of the fact that the court failed to instruct the jury that is was incumbent upon them to view the situation from the standpoint of appellant at the time of the alleged assault. Appellant's exception to the charge was as follows: "Defendant specially excepts to paragraph No. 12 for the reason that the meaning is not clear." The opinion is expressed that said exception was not sufficiently specific. See Art. 658, C. C. P.

It appears that Jim Wood, the injured party, had been convicted of a felony and awarded a suspended sentence. Appellant's contention that the witness was disqualified cannot be sustained. The judgment of conviction had not become final. See Espinoza v. State, 165 S. W., 208. In any event if the conviction occurred subsequent to the amendment of Art. 708, C. C. P., in 1926, the witness would have been competent whether or not the conviction was final. See Fitzgerald v. State, 39 S. W. (2d) 47.

In his motion for a new trial appellant alleged newly discovered evidence to the effect that the injured party had admitted to certain witnesses after the conclusion of the trial that he had not testified truthfully. Other witnesses for the State gave testimony on the trial corroborating the version of the injured party. The alleged newly discovered testimony would

have been admissible solely for impeachment purposes. It is the general rule that a new trial will not be granted where the newly discovered evidence could only be used to discredit or impeach the testimony of a witness who had testified on the trial of the case. Bracken v. State, 9 S. W. (2d) 356.

Our examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case was affirmed at a former day of this term. In our opinion we said the bills of exception were not filed in time to be considered. By supplemental transcript accompanying the motion for rehearing, it is made to appear that the bills of exception were in fact filed within time, and same will now be considered.

Bill No. 1 complains of the charge of the court in that same did not clearly present appellant's right of self-defense, and that the jury could not clearly understand the purport of the charge. This is manifestly not sufficiently definite to enable the court to perceive wherein the charge complained of was defective. The complaint in said exception goes further and says of the charge that it failed to tell the jury that they should view the evidence and the circumstances surrounding the assault from the viewpoint of the defendant at the time of the alleged assault. In said bill it is stated that "At the time of said trial the defendant duly excepted to said portion of said charge upon the ground," etc. In approving this bill of exceptions the learned trial judge says of that part of said bill last above quoted, that he does not remember that such ground was presented. Turning to the exceptions taken to the charge, appearing on page nine of the transcript, we find no such exception there appears. The bill as qualified presents no error.

Bills of exception Nos. 2, 3, 4, 5 and 6 are each qualified, and as qualified none of same present any error. There was no exception taken by appellant to any of the qualifications mentioned.

Attention of the learned trial judge in this case is called to the fact that each of said bills contains an evidently prepared

approval for the court to sign in which are recitals which, if so approved, would verify matters of objection appearing so as to make the correctness of the court's action in the matter complained of very questionable. Without striking out this prepared approval, the trial judge proceeds to write below same his own approval coupled with a recital of facts contrary to those just recited. This has caused us some difficulty, and tends to make for confusion, and should not be indulged.

After duly considering appellant's bills of exception, we are of opinion that the original disposition of the case was correct, and the motion for rehearing will be overruled.

*Overruled.*