## LUKE TRAMMEL V. THE STATE.

No. 18762. Delivered January 27, 1937.
Rehearing Denied March 10, 1937.

The opinion states the case.

*A. R. Rucks,* and *John C. Henderson,* both of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Luke Trammel and Forrest Gibson were convicted of murder with malice. Gibson's punishment was assessed at sixty years and that of Trammel at death. Trammel alone has appealed.

Appellant and his co-defendant Gibson were convicts confined at the Retrieve State Farm in Brazoria County, Texas. On the morning of June 19, 1936, a squad of twenty-two convicts under two guards were being taken from the barracks along the turn row to their work in the corn field. Each of the convicts was riding a mule. Luke Trammel slid from his mile, secreted himself in the corn and Johnson grass on the right-hand side of said turn row, and when R. L. Steele, the guard in the rear of the squad, came along, Trammel suddenly emerged from his hiding place, grabbed Steele, and undertook to disarm him. Gibson who saw the men tussling immediately dismounted and went to the assistance of Trammel. The two overpowered Steele and took two weapons away from him. Gibson took Steele's pistol and Trammel took his shotgun and then ran along in the edge of the corn towards the head of the squad and fired one shot, while Gibson who had mounted Steele's horse held Steele prisoner. As soon as Trammel had fired, he returned to where Gibson was sitting on Steele's horse, mounted the same behind Gibson, and two rode away, carrying the pistol and shot gun with them. Within two or three minutes after the two had escaped Joe Atkinson, who was also a convict in said squad, made his escape. After the three had escaped Felix Smith, the guard who was leading the squad of convicts, was found dead lying on the turn row. An examination of his body disclosed nine wounds made by buckshot, some of which passed entirely through his body.

Appellant's main contention before this court is that the trial court erred in declining to instruct the jury and also in declining to give his special requested instruction on the law of circumstantial evidence as to the cause of Smith's death and as to who killed him. If the proof as to the cause of Smith's death or as to the identity of the person who shot him rested solely on circumstantial evidence, then appellant's position would be correct and should be sustained; but we find no testi-

mony which sustains him. Steele testified that Felix Smith was leading the squad and he, Steele, was in the rear of them; that after Trammel had taken the shotgun away from him he ran along the edge of the corn rows towards the head of the squad and fired one shot; that as soon as he had fired, he returned, got on the horse behind Gibson and the two rode away. Marvin Smith testified that he was a convict in said squad; that he was riding on a mule near the head of the squad when a man came around the squad and commanded Smith to stick them up; that when Smith reached for his pistol, the man shot him, ran back, got on the horse with Gibson and the two rode away; that one of the two men who rode away was the man who shot Smith. There is no question but that Trammel took a shotgun away from Steele and then ran with it towards the head of the squad and fired one shot; nor is there any question but that Trammel came back and got on the horse behind Gibson after the shot was fired and the two rode away; nor is there any question but that one shot gun was at or near the scene of the killing, nor that but one shot was fired. This, in our opinion, definitely identified Trammel as the man who did the shooting. The doctor and the justice of the peace described the number and location of the wounds on the body of the deceased. Dr. Maxey in his testimony said in his opinion the wounds inflicted with the shotgun caused the death of Smith. This is direct testimony as to the cause of Smith's death. There is no testimony that he died from a broken neck or broken back. It is true that the doctor on cross-examination said that it was possible that he could have broken his neck when he fell from his horse, but it was hardly probable. This is nothing more than what might be termed speculative testimony and not such as would raise an issue.

It is well established in this State that a charge on circumstantial evidence is proper when the act which is claimed to be criminal is sought to be established by circumstances; but when the act is proved by direct testimony, and all that remains to be found is the intent which accompanied the act, and which may be inferred from the circumstances accompanying the act, then this principle does not apply.

Branch's Anno. Penal Code, Section 1874, lays down the rule as follows:

"Where there is direct evidence from any source that defendant killed the deceased, a charge on circumstantial evidence is not required because the intent with which the homicide was committed is only to be infered from circumstances."

The authorities cited by appellant are distinguishable from the case at bar by the facts. One of the strongest cases relied on by appellant is that of Trejo v. State, 74 S. W., 546. In that case the State sought to establish the identity of the accused by circumstantial evidence. There the witness did not see who fired the shot, nor did she see the appellant with a pistol. The pistol found at the body of the deceased was not identified as belonging to appellant, while in the case at bar there is direct testimony that the appellant fired the shot. The cause of the deceased's death in the instant case is not unknown.

Appellant's next contention is that the court erred in declining to instruct the jury and in declining to give appellant's requested instruction to the effect that if some person other than appellant shot the deceased, then to acquit him. We find no testimony which raised the issue. Appellant insists, however, that inasmuch as three of the convicts who were called by him as witnesses testified that the shot was fired from a point about the middle of the squad by some person whom they did not know, and could not identify, he was entitled to such instruction. The only point upon which appellant's and the State's witnesses differ is as to the point from which the shot was fired and not as to the person who fired it. Therefore the court did not err in declining to give an instruction on such theory.

Appellant's next contention is that the court erred in permitting the convicts to testify over his objection because they were incompetent witnesses. The record shows that each one of the convicts who testified in the case was convicted since the law as amended in 1926 made convicts competent witnesses. See Fitzgerald v. State, 118 Texas Crim. Rep., 64; Lee v. State, 70 S. W. (2d) 190.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant presents two propositions. The first is that the court below should have charged on the law of circumstantial evidence,

and that we erred in holding this not necessary. Appellant insists that the proof of the cause of death is not positive, hence the necessity for the charge mentioned. We can not agree with appellant. The evidence clearly shows death to have been caused by the use of a shot gun, and nine buck shot wounds were found on the body of deceased, some of which penetrated the heart or the main arteries, and, in the doctor's opinion, caused death. Cross-examined the doctor said that a broken neck might cause death, and that if deceased fell from his horse and broke his neck, it would cause death. No witness testified directly or by intimation or suggestion that the neck of deceased was broken, or that death resulted from such cause. In the absence of some testimony suggesting this as the cause of death, we do not think it the duty of the court below to submit the case on the law of circumstantial evidence for no better reason than the questions above set out.

Nor do we find evidence to support the proposition that deceased was killed by any person other than appellant, except in so far as appears below:

The testimony shows that a group of convicts were winding their way from the bunk-houses to the plowing grounds a couple of miles away. They skirted a field of growing corn. Deceased, a guard, was at the head of the file on his horse. The convicts on mules and in line followed. Steele,—another guard,—brought up the rear. Gibson and Trammel, two convicts,—suddenly attacked Steele. Gibson got Steele's pistol,—Trammel his shot gun. Trammel ran in the corn toward the head of the line, and Steele swore that he saw Trammel shoot deceased. Most of the convict witnesses say they do not know who fired the shot. This was to be expected. One of them affirmed that he saw two men struggling with Steele; saw one of these two run down toward deceased with a shot gun; heard the shot, and saw the man who had shot run back, and with Gibson get on Steele's horse and flee. On cross-examination he changed his testimony.

It appears from the testimony that the line of convicts was about one hundred yards long; that Smith, deceased, was some thirty yards in front of them; that Steele was about the same distance behind them. Appellant introduced several convict witnesses who testified they saw two men scuffling with Steele in the rear; at the same time a shot was fired up in front. If we understand appellant's contention, as gathered from the record, he sought to have the jury instructed upon the law of alibi. We find in the court's charge a full and complete and

correct charge on this issue, and in same the court told the jury that if they had a reasonable doubt as to the presence of appellant at the time and place of the killing, they should acquit him. In our opinion this substantially presented the law covering appellant's second contention.

Finding no error in the record, the motion for rehearing will be overruled.

*Overruled.*