### R. M. WHITEHEAD v. THE STATE.

No. 19512. Delivered March 16, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*Rogers & Spurlock,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for concealing stolen property; punishment is assessed at confinement in the State Penitentiary for a term of four years.

The record shows that on the night of January 31, 1937, Curtis McBride and Pete Parker entered the barn of A. W. Slocum and took therefrom thirty sacks of cottonseed cake. On the same night, McBride delivered 29 sacks of said cake to Frank Pool, who in turn delivered it to the appellant. The next morning, Slocum discovered the theft of the cake and reported it to the sheriff. A few days thereafter, the sheriff, accompanied by two of the Slocums, went to appellant's home. They told him they were looking for some cottonseed cake which had been stolen from their barn and asked him if he had any objection to their looking his place over. He replied: "Help yourself, it is all right; any way I can help to catch these thieves, you let me know, I will be glad to do so."

A few days later, some rangers went to appellant's home, talked to him, arrested him and took him to jail. There, he made a written confession stating that Frank Pool, on the night of January 31st, brought 29 sacks of cottonseed cake to his place and placed it in the smokehouse. That after he learned that the officers were looking for the stolen property, he hauled it to the Brazos River and emptied the contents of the sacks into the river and burned the sacks. A thorough search of the river failed to disclose any cake. The officers then told him that he had lied; that the cake was not in the river and he had better tell them the truth. He then made another confession, stating that he dumped the cake into an old abandoned well on his place. He took the officers to said well, where they found the cake. He also showed them where he had burned the sacks.

The indictment in this case contained four counts, but the court submitted the case to the jury on the third count alone. Said count charged that appellant, on or about the 1st day of February, 1937, did receive from Frank Pool, and did then and there fraudulently conceal certain property, to-wit: 29 sacks of cottonseed cake, the same being the property of A. W. Slocum, and being of the value of over $50; which said property had

been acquired by another in such manner that the acquisition thereof came within the meaning of theft; and the said R. M. Whitehead then and there fraudulently concealed the same, knowing it to have been so acquired.

Bill of exception number one complains of the testimony of the sheriff and the two Slocums as to what appellant said to them on their first visit to his home when they were looking for the stolen property. We see no error in its admission; nor is there any good reason assigned why said testimony was not admissible. Appellant was not under arrest at that time.

By bill of exception number two, appellant complains of the action of the trial court in admitting in evidence a purported written confession of Curtis McBride, showing that on the night of January 31, 1937, he and Pete Parker went to the barn of A. W. Slocum, opened the door and took therefrom, 30 sacks of cottonseed cake, each sack weighing 100 pounds; that they did not have permission to enter said barn and take the cake. That on the same night, they delivered 29 sacks of same to Frank Pool, for which he paid them $1 per sack. Appellant objected to the introduction of said confession in evidence on the ground that it violated appellant's constitutional right to be confronted by the witness against him, and particularly in view of the fact that said witness was available, being in jail at the time; that he was deprived of the privilege of cross-examining the witness, etc. We see no error in the admission of said confession. It established the theft of the cottonseed cake by McBride and Pete Parker on the night in question and the court, in his instruction to the jury, limited their consideration thereof to the purpose for which it was admitted; that is, the theft of the cake. Although McBride was a convict, his conviction occurred in 1937 under Article 708, C. C. P., and he was a competent witness. See Trammel v. State, 102 S. W. (2d) 420; White v. State, 129 Texas Crim. Rep. 59.

By bill of exception number three, appellant complains of the trial court's action in admitting in evidence a purported confession of Frank Pool, showing that he received the cake from McBride, knowing at the time that it was stolen and that he in turn delivered it to appellant. His objection to said testimony was on the same grounds as to the confession of McBride. The statement or confession by Pool was offered to show that appellant received the cake from Pool and that he knew at that time that it came from Slocum; that it was stolen property. It appears, however, that appellant made a statement to the officers that he received the cottonseed cake from Frank Pool; that he

took the officers to an old well on his place and showed them where he had concealed said cake and where he had burned the sacks. As a result the cake was recovered and identified as the same kind of cake that was stolen from the Slocum barn.

Even if it should be conceded that the admission in evidence of said confession was improper, it could not have been more hurtful to appellant than his own statement to the officers which led to the recovery of the stolen property. It is a well settled rule in this State that when testimony of like character as that objected to is offered in evidence without objection, no reversible error is shown. See Pryor v. State, 225 S. W. 374; Burgess v. State, 225 S. W. 182; Enix v. State, 112 Texas Crim. Rep. 376; Sparkman v. State, 82 S. W. (2d) 972.

Bills of exceptions numbers four and five complain of the testimony of Lester Stewart, sheriff of Parker County, and that given by C. M. Duncan, sheriff of Hood County, as to certain statements made to them by the appellant. These bills show that appellant was not under arrest at the time and was not taken into custody until some time later. The court qualified said bills; in his qualification he states that appellant's counsel asked the witness, Stewart, if he had not, at that time, placed appellant under arrest, to which the witness replied in the negative. He then asked him if appellant had attempted to leave in his own car would he have been permitted to go, and witness replied that he would have for he was not under arrest. We are of the opinion that the bill reflects no error as thus qualified.

Bill of exception number six complains of the action of the trial court in declining to permit appellant, on cross-examination of the witness, C. M. Duncan, sheriff of Hood County, to prove that at the request of appellant's counsel, he brought Frank Pool from a cell in the jail where he was confined, down to the reception room of the jail, in order that appellant's counsel might confer with Pool, but that the sheriff declined to absent himself during the expected interview. That the purpose of eliciting said testimony was to show the interest and bias of said witness.

It is not shown that Frank Pool was a client or prospective client of appellant's attorney, or that appellant desired to use Pool as a witness, or that by reason of his failure to obtain a private interview with Pool, appellant sustained any material injury. The fact that the sheriff declined to grant appellant's attorney a private interview with Pool in the reception room . would not necessarily show undue interest or prejudice in the result of appellant's case. The sheriff was responsible for the

safekeeping of the prisoner, and he might not have deemed such a privilege consistent with due care of said prisoner. A sheriff must be accorded considerable discretion in keeping prisoners confined and preventing their escape.

However, a prisoner confined in jail should not be denied the privilege of private interview with his counsel at some safe and convenient place, if such is possible. The court, in his qualification of said bill, states that counsel, a short time prior thereto, had a private interview with said prisoner in Huntsville. As thus qualified, the bill reflects no error.

Bill of exception number seven, as qualified by the court, is deemed to be without merit.

Appellant urged a great number of objections to the court's charge. We have examined said charge in the light of the objections directed thereto, and without an extended discussion, deem it sufficient to say that the charge fairly submitted the law applicable to the issues in the case.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant has filed a motion for rehearing vigorously complaining of the original opinion herein on many and varied grounds.

He first complains of the admission in evidence of the statement of Frank Pool relative to the delivery of the sacks of cottonseed cake, and we are still of the same opinion that other testimony relative to the delivery of the same sacks by Frank Pool, which came in the role of an admission upon the part of the appellant, and unobjected to by his attorneys, would cure any supposed error in such testimony as to Pool's statement.

He complains of the fact that the court did not submit to the jury the question of misdemeanor theft. The testimony shows that there were thirty sacks stolen from Mr. Slocum; that Pool delivered to appellant twenty-nine sacks thereof; that these sacks were of the value of $2.00 each in wholesale lots, and of a slightly greater value at the place received and concealed, their value thus totaling at least $58.00. There was no

testimony either reducing the number of sacks of cake, or their value. A charge on misdemeanor theft was not called for.

Appellant complains also of the fact that he was not allowed to talk to Frank Pool, who was confined in the county jail, outside the presence of the sheriff. We think the qualification of the trial judge to this bill answers this proposition:

"Defendant's counsel, Mr. Rogers, on the morning that this case was set for trial asked me if he might go to the jail and talk to Frank Pool, and I stated to him that it would be all right and I called the sheriff and told him to take Mr. Rogers to the jail and let him talk to Frank Pool, and the sheriff at the time set by Mr. Rogers, went to the jail with Mr. Rogers and took Frank Pool out of the cell and brought him out into the waiting room for Mr. Rogers to talk to him; but would not leave the room and let Mr. Rogers talk to him in private. Mr. Rogers declined to talk to Frank Pool in the presence and hearing of the sheriff, and they came back to the court house. Mr. Rogers asked me to permit him to talk to Frank Pool out of the presence and hearing of the sheriff, and after I determined that Mr. Rogers was not Frank Pool's counsel and did not represent him and that Mr. Pool had not requested an interview with Mr. Rogers, I would not order the sheriff to permit Mr. Rogers to talk to said witness out of the presence and hearing of the sheriff; that it would be alright with me, if it was agreeable with the sheriff; that the sheriff was running the jail and had charge of the prisoners and he was the man to decide upon that question, as he was under bond for the safe keeping of all prisoners. Mr. Rogers did not state to the court that he wished to use Frank Pool as a witness and defendant issued no subpoena for Frank Pool as a witness and did not, during the trial, call Frank Pool or ask for him as a witness. It was further shown by Mr. Rogers that he had talked to Frank Pool and got a statement from him two weeks previous at Huntsville."

In our opinion the alleged stolen property was properly identified by appellant's own statements.

We can only reiterate that it seems to us that the court gave a proper charge on the law as applied to the facts in this case.

We think this case has been properly decided, and the motion for a rehearing will be overruled.