## PARRISH v. STATE.
### No. 19454.

Court of Criminal Appeals of Texas.
March 16, 1938.

Rehearing Denied May 18, 1938.

See, also, 126 Tex.Cr.R. 308, 71 S.W.2d 274.

John F. McLaurin, of San Augustine, and Minton & Minton, of Hemphill, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of being an accomplice to robbery by assault, and his punishment fixed at five years in the penitentiary.

He first complains of the trial court's action herein in changing the venue hereof of its own motion from Sabine county to San Augustine county. It seems that this cause is supposed to have arisen in 1933, and that same had been tried in Sabine county twice on the same state of facts, each trial having resulted in a hung jury, and that the case of the principal, Paul Conley, had also been tried in Sabine county. The learned trial judge also certified that the person thus robbed was a highly respected and aged citizen of such county; that many people had attended such trials, and wide publicity had been given to the facts relative thereto, and, in his opinion, a trial fair alike to both sides could not be had in Sabine county. It seems to us that there was no abuse of judicial discretion shown in said action. Appellant cites the case of Norwood v. State, 116 Tex. Cr.R. 283, 34 S.W.2d 590, in support of his bill of exceptions taken to the court's action in changing such venue. We fail to see how appellant can derive any comfort from the Norwood Case. We quote therefrom: "The judgment is attacked upon the ground that the judge of the district court of Wichita county abused his discretion in

changing the venue. When the order changing the venue was made, the appellant excepted to it, but embraced in the record no facts upon which he founded his complaint. When the case was called in Archer county, the appellant objected to the jurisdiction of that court, but set up no facts further than a recital in his exception that the order of transfer was void because it stated no reason for making the transfer."·

We also quote from Henderson v. State, 104 Tex.Cr.R. 495, 283 S.W. 497, 503, in which is stated: "We understand the law to be that the revision of such an order upon appeal can only be made in a case in which it is shown that the rights of the accused have been materially prejudiced by the action of the court in changing the venue," citing many cases.

We also call attention to article 560, C. C.P., which reads as follows: "Whenever in any case of felony the judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State, can not, from any cause, be had in the county in which the case is pending, he may, upon his own motion, order a change of venue to any county in his own, or in an adjoining district, stating in his order the grounds for such change of venue."

In our opinion the judge's action in so changing the venue was not arbitrary nor an abuse of his discretion, and the reasons given in such order justified his action therein.

▇ Appellant's fourth bill of exceptions complains of the trial court's refusal 'to limit the testimony of the admitted principal Paul Conley in the robbery to the one fact of the commission of the robbery. Such witness was present in person and testified fully not only to the robbery, but also as to the connection of appellant therewith prior to the robbery. Unquestionably the witness was an accomplice, and was treated as such in the court's charge, and his testimony relative to appellant's connection with such offense, though necessarily to be corroborated, was surely admissible to show, if it could show, appellant's guilty connection with the alleged offense.

▇ To practically the same effect is the eighth and eleventh assignment of error in appellant's brief, which relate to the failure of the court to limit the testimony of M. S. Parrish, the injured party, to the fact alone of a robbery being committed by Paul Conley and another whose name seems to be unknown. We can see no reason for such instruction. In the first place, no testimony of any kind was given by such witness that could be used to connect appellant with the actual robbery, but only testimony that showed Paul Conley and his unknown associate to be there present and acting therein. True, he does testify that some time prior to the robbery appellant came to witness' home and tried to borrow some money, which testimony we think admissible for whatever it might be worth as corroborative of certain statements testified to by Conley as having been made to Conley by appellant. We do not think that the trial court was called upon to limit the testimony of the witness in any particular, especially since a portion thereof might tend to corroborate the said Conley. However, we can see no serious error, if error there was, in the admission of such testimony, as the witness only mentioned the appellant's name once,· and that seems to us to have been a matter of original testimony, which at least tended to show appellant's belief that the injured party possessed some sum of money at his home. Appellant cites many cases in support of these above assignments, the major portion thereof being relative to an extra-judicial confession of the principal, and, of course, are mere hearsay as against the person on trial, but are admitted because of the exigencies of the situation. Such a case is Espalin v. State, 90 Tex.Cr.R. 625, 237 S.W. 274, and also to the same effect is the case of Sarli v. State, 80 Tex.Cr.R. 161, 189 S.W. 149; Milner v. State, 75 Tex.Cr.R. 22, 169 S.W. 899, and others cited by appellant. As indicated in the above cases, if the testimony complained of was of such character, the charge requested should have been given as to Conley's testimony; but such a situation does not here confront us. The witness Conley was present, and took the stand, and the state had the right to use him· as a witness. See Hart v. State, 61 Tex.Cr.R. 508, 134 S.W. 1178; Underwood v. State, 38 Tex.Cr.R. 193, 41 S.W. 618. His testimony was subject to the same rules of evidence as any other witness, of course, under the instruction of ·his accompliceship, which was given by the court, and we think such testimony was not subject to be restricted under the charge requested by appellant.

▇ Appellant's fifth bill of exceptions is based upon the proposition that Paul

Conley, a convict, was permitted to testify upon this trial, and that his testimony was not relative to the matters set forth in article 708, C.C.P., which was the act of the 39th Legislature, First Called Session, c. 13, p. 20. This court has construed such statute to mean that any convict, who had been convicted since the passage thereof in 1926, is a competent witness in the state courts. See Fitzgerald v. State, 118 Tex.Cr.R. 64, 39 S.W.2d 47; Herrington v. State, 129 Tex. Cr.R. 567, 89 S.W.2d 991; Lee v. State, 125 Tex.Cr.R. 622, 70 S.W.2d 190, 191.

Appellant complains in his thirteenth assignment of error of the failure of the court to give in charge to the jury the following: "You are instructed that if you find from the evidence, beyond a reasonable doubt, that the defendant, Henry Parrish, wilfully advised, commanded and encouraged Paul Conley to commit the offense of robbery upon M. S. Parrish in any other manner than by the use of firearms, or if you have a reasonable doubt thereof, you will find the defendant, Henry Parrish, not guilty."

We find from a perusal of the court's charge that in every paragraph thereof relating to the defendant's guilt, he emphasizes the fact that they must first believe beyond a reasonable doubt that Paul Conley did, on the date named in the indictment, by assault and by violence to the complaining witness, and by putting him in fear of life and bodily injury, and by then and there using and exhibiting a firearm, to wit, a pistol, fraudulently take from the possession and person of the said complaining witness the property alleged to have been stolen. We also find in the court's charge the converse thereof in which it was stated that unless the jury further find beyond a reasonable doubt that the said Conley committed the said offense, and also that the defendant, Henry Parrish, advised, commanded, or encouraged the said Paul Conley to commit the same prior to its commission, if it was so committed, they will find the defendant, Henry Parrish, not guilty. Again in paragraph 13 of said charge the court again emphasized the fact that the jury must believe beyond a reasonable doubt that Paul Conley, with a pistol, committed the assault upon the complaining witness, and that Henry Parrish, prior to the commission of said offense, did unlawfully and willfully advise, command, and encourage the said Paul Conley

to commit the said offense, if any, before they could find the defendant guilty, etc.

We find throughout the whole charge that in every instance an offense committed with firearms is set forth in the charge, and the court required that the jury find such offense was committed, and that the appellant advised, commanded, and encouraged the commission of said offense, and it seems to us that the appellant's rights were fully guarded therein. We note there was no testimony of any kind offered showing any other kind of offense except the one committed with a pistol, and we also further note that the testimony of Deputy Sheriff J. N. Hyden shows that the appellant himself told the deputy that they used his pistol in that robbery, and gave the deputy directions where to find such pistol, and the deputy followed those directions and found the pistol, and the pistol was introduced in evidence in this cause.

It seems to us that the court in his charge properly guarded the appellant's rights. We have carefully reviewed the record, and in the light of the testimony we can see no reason why this cause has not been properly tried. There is a sufficient amount of corroboration of the accomplice witness' testimony to show the guilty connection of the appellant with this offense, and under the law and the record as presented to us, it is our opinion that no error has been shown therein. This cause is therefore accordingly affirmed.

On Appellant's Motion for Rehearing.

CHRISTIAN, Judge.

If we were in error in the original opinion in stating that each trial of this case in Sabine county had "resulted in a hung jury," the matter is immaterial. Suffice it to say that there were two trials in Sabine county. Moreover, the case of the principal, Paul Conley, had also been tried in Sabine county.

We have carefully re-examined the record and are constrained to adhere to the conclusion that reversible error is not presented.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.