## RALPH LOCKHART v. THE STATE.

No. 23543. Delivered January 15, 1947.
Rehearing Denied March 12, 1947.

*Edward Dwyer* and *Joe Burkett,* of San Antonio, attorneys for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft from the person of property over the

value of $50.00. The punishment assessed is confinement in the State penitentiary for a period of five years.

It appears from the evidence adduced by the State that on the night of the 21st day of March, 1946, Lee W. Bartrum, a soldier, who was standing near the M. K. & T. Depot on South Flores Street in the City of San Antonio, was deprived of his pocketbook containing approximately $415.00. The appellant. Ruby White and another negro, were in an automobile which was driven by the appellant. They parked their car across the street from the depot. Ruby White got out, approached the soldier, and asked him to give her a dollar, which he declined to do. She continued to press her demand and he told her that if she did not let him alone he would knock her teeth out. At this juncture appellant came from the car and inquired of Bartrum what he said to her. Bartrum said, "I am going to knock this damned woman's teeth out if she don't get away," whereupon appellant remarked, "By God, I will see to that" and started toward Bartrum who was backing away to the station. At that time Ruby White suddenly reached into his back pocket, pulled out his billfold containing $415.00, and started toward the parked car. Bartrum grabbed for her but failed to catch her, and appellant said to him, "Don't follow her." Appellant and Ruby White went hurriedly to their automobile and left Bartrum standing there calling for the police. The billfold was later found near the scene of the commission of the offense but the money was gone. Sometime during the night, the appellant, Ruby White and Leslie Calloway, were arrested near the Avalon Grill on East Commerce Street.

Ruby White testified at the instance of the State substantially to the facts above stated.

Bartrum positively identified appellant as the man who was present at the time and place of the commission of the offense.

Appellant did not testify but undertook to establish an alibi for himself by the witnesses, Leslie Calloway, Buck Sanford and John Caldwell. According to the testimony of Calloway, appellant was not with him and Ruby White on the night in question when they were riding around in appellant's automobile. Buck Sanford testified that between 10:30 and 11:00 P. M., appellant was at his grill. John Caldwell testified that about 8:00 P. M., appellant came to the Avalon Grill where they engaged in a game of poker until midnight, during which time appellant did not leave the game.

Appellant's first complaint relates to the court's action in overruling his application for a continuance based upon the "absence of Buster Bennett, Zelmer Brint (or Bryant), and Thomas Jackson" by each of whom he asserts that he would prove, if present in court, that at the time in question he was engaged in a game of poker at the Avalon Grill on East Commerce Street in the City of San Antonio, Texas, and therefore was not and could not have been at or near the place of the commission of the alleged offense at the time it was committed. It appears from the record that a complaint was filed against appellant immediately after his arrest; that the grand jury returned an indictment against him on the 3rd day of April, 1946, at which time the case was set for trial on the 29th of April. However, the case was not tried on that day but was reset for trial on Monday, June 3rd, at which time it was again reset for June 10th. Appellant made no application for subpoenas for any of the three witnesses desired until the 4th day of June, which was 60 days after he was indicted.

It occurs to us from the foregoing statement of the facts as they appear in the record that appellant failed to exercise due diligence to secure the attendance of the said three absent witnesses. See Reeves v. State, 167 S. W. (2d) 176; Hart v. State, 138 S. W. (2d) 818, and cases there cited.

By Bill of Exception No. 2 appellant complains of the action of the trial court in permitting Ruby White to testify against him. His ground of complaint was that she had recently theretofore been convicted of a felony and is now under sentence of conviction; that she has never been pardoned but is now serving out her time under said conviction. There is no merit in his contention. This question has been before this court several times and has been decided adversely to his contention. See Art. 708, C. C. P., and the amendment thereto by the 39th Legislature. See also Trammell v. State, 132 Tex. Cr. R. 125; Parrish v. State, 134 Tex. Cr. R. 545; Parker v. State, 132 Tex. Cr. R. 567: Herrington v. State, 129 Tex. Cr. R. 567.

By Bill No. 3 appellant complains of the action of the trial court in permitting Ruby White to testify against him over his objection that she was his common-law wife. When the objection was urged, the court retired the jury and heard evidence relative to the matter. Ruby White denied that she was his common-law wife. Elsie Minter testified for appellant to the effect that she knew that Ralph Lockhart (appellant) and Ruby White had been seen together during the past six or eight

months; that she had talked to Ruby White on one occasion and that Ruby told her that she and appellant were going to get married. John Caldwell testified that he had known them for about a year; that in the last four or five months he had occasion to talk to Ruby White and she told him that she and the appellant lived together; that on one occasion appellant and Ruby White went to Dallas and when they returned Ruby told him (Caldwell) that she and Ralph Lockhart were married; that Lockhart was her husband and that they lived together. No marriage certificate or marriage license was offered in support of this testimony. It is quite obvious that there is not sufficient evidence to show a common-law marriage. Consequently the court was eminently correct in overruling appellant's objection and permitting the witness Ruby White to testify.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant insists that we were in error in holding that the convict, Ruby White, was competent to testify. He predicates this contention on the fact that it is certified in his bill of exception that the offense under investigation was not committed on a prison farm owned by the State, nor in any State prison, nor on a railroad train or highway in which or along which prisoners were being transported, nor in any jail. See Sec. 3 of Art. 708 C. C. P. as amended by the 39th Legislature, 1st Called Session.

We call attention to the fact that in the Act just referred to convicts are not declared to be incompetent witnesses. This is plain when comparison is made between the language employed in the Act of the 39th Legislature and that found in old Art. 768 of the C. C. P. which declared that all persons were competent witnesses, except, (1) insane persons, (2) children or other persons who did not possess sufficient intelligence, etc., (3) "All persons who have been or may be convicted of a felony in this State, or in any other jurisdiction, unless such conviction has been legally set aside, or unless the convict has been legally pardoned, * * *" Our present statute (Art. 708 C. C. P., Acts

39th Legislature) does not so read. It does declare in Secs. 1 and 2 incompetent as witnesses those who are insane, and children or other witnesses with insufficient intelligence, and then in Sec. 3 provides that felony convicts may be brought under process by order of the court from the penitentiary to testify in person for either the State or defendant. Furthermore, in the emergency clause of the Act of the 39th Legislature occurs this language:

"By reason of the fact that there is no sound reason why a person convicted of a felony should not be permitted to testify, and the ends of justice are often defeated by virtue of such disqualification, create an emergency, etc."

Appellant appears to think no case has been passed upon by the court since the Act of the 39th Legislature in which the record excluded the idea that the offense under investigation occurred in the penitentiary or some other place mentioned in Sec. 3 of said Act.

Appellant must have overlooked what was said in Fitzgerald v. State, 118 Tex. Cr. R. 61, 38 S. W. (2d) 329. In the second paragraph of the opinion it is said:

"* * * The transaction out of which the prosecution against appellant grew had not been committed on a prison farm owned by the state or of which it was lessee; it had not been committed in any jail in the state, or on any railroad, train, or highway along which prisoners were being transported under guard. The witness Churchill had not been pardoned at the time he was called to testify against appellant. Appellant sought to disqualify the witness on the ground that he was incompetent under the terms of the act of the Legislature to which reference has been made. * * *"

The last paragraph in said opinion reads as follows:

"The act is susceptible of the construction that it was the intention of the Legislature that convicts are not incompetent. If the statute be given this construction, the doubt as to its constitutionality is removed. If given the construction contended for by appellant, it is of doubtful constitutionality. Where a statute admits of two constructions, one of which renders it unconstitutional and the other constitutional, the latter construction will be given it. Anderson v. State, 113 Tex. Cr. R. 450, 21 S. W. (2d) 499. Giving application to the principles

controlling, we are constrained to hold that persons convicted of felony subsequent to the enactment of chapter 13, Acts of the Thirty-Ninth Legislature, First Called Session, are competent to testify in all criminal cases."

In the opinion on rehearing in Flores v. State, 122 Tex. Cr. R. 405, 55 S. W. (2d) 822, adverting to the language in Sec. 3 of the Acts of the 39th Legislature upon which appellant here relies, Judge Lattimore, writing for the court, said:

"We find no room for criticism of appellant's attack on the form or verbiage of said amending act, and can ourselves see no reason for the care shown in subdivision 3 of section 1 of said act, in setting forth specific instances in which convicts or persons in jail might testify; but since by such act old article 708, C. C. P., was repealed, upon which alone rested the incompetence of convicts as witnesses, we were thus left without any statute making such convicts incompetent. We are in the same condition now. In addition to the above, we observe that the emergency clause of said amending act specifically states that there is no good reason why convicts might not testify. We see no escape from the conclusion announced in this and cited cases, that these witnesses, and all others convicted since the passage of the amended act, are competent witnesses. With the wisdom of the rule we have nothing to do. It is the law as now written."

It is not inappropriate to say here, if this court misconstrued the intention of the Legislature by the Act in question, there have been some seven or eight regular sessions, and many special sessions of the Legislature since the Act was construed without any effort to amend the law in question. By this we are lead to believe our construction of the law was as intended by the Legislature.

We cite without further comment the following additional cases upon the point under discussion. Lee v. State, 125 Tex. Cr. R. 622, 70 S. W. (2d) 190; Spann v. State, 116 Tex. Cr. R. 268, 32 S. W. (2d) 455; Trammel v. State, 132 Tex. Cr. R. 125, 102 S. W. (2d) 420; Lucas v. State, 129 Tex. Cr. R. 213, 86 S. W. (2d) 638; Parrish v. State, 134 Tex. Cr. R. 545; 116 S. W. (2d) 706. Other cases are listed in those above cited.

It is to be understood that what has been said has reference to felony convicts who have been convicted since the Act of the 39th Legislature became effective, and has no application to those who may have been convicted of a felony prior to that time, and who have not been pardoned.

We have again examined the record regarding complaint that the trial court erred in permitting Ruby White to testify, over objection that she was appellant's common law wife. No error appears in the court's ruling in that respect.

The motion for rehearing is overruled.