## RUCIA HARVEY V. THE STATE.

No. 18448. Delivered October 21, 1936.

The opinion states the case.

*Minton & Minton,* of Hemphill, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to murder, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to justify and sustain his conviction. The testimony shows that on or about the 27th day of October, 1934, appellant, while engaged in repairing a public road running along the north side of Fount Crocker's premises, cut down a pine tree standing near the road. Crocker contended that this tree stood on his land, that it was a shade tree and was used by him for hitching horses in the summer time. At the time appellant cut the tree Mr. Crocker was not at home, but Mrs. Crocker asked the appellant not to cut the tree. He did not heed her request. At noon when Mr. Crocker returned to his home, his wife advised him of what appellant had done. He looked at the tree, went into the house and after eating lunch armed himself with a pistol and went to where appellant was at work. He walked up to within a few feet of appellant and said to him, "Rucia, seems like, by God, you are trying to run the hill,"—to which appellant replied, "No," and at the same time cut him with a knife in the left side, inflicting a wound about three inches long from which the intestines protruded. After the wound was inflicted upon him, he drew a pistol and fired five times at appellant who fled from the scene of the difficulty. Appellant's plea was self-defense and in support of said plea testified that the tree which he cut was not standing on the premises of the injured party, but on the premises of Mr. Butler from whom he had obtained permission to cut the tree; that during the noon hour Mr. Crocker came to where he, appellant, was at work, made the remark as testified to by him, and then said to appellant, "You are a G— d— liar," and began to draw his pistol; whereupon appellant cut him and shoved him down with his left hand; that as soon as he cut Crocker, he, Crocker, began to shoot at him. This raised the issue of whether appellant acted in self-defense and this issue was distinctly submitted to the jury who found against appellant's contention.

Appellant filed a motion for a new trial based upon newly discovered evidence. He alleged that the injured party since the trial had made a statement to C. H. Marshall to the effect that he was the aggressor in the controversy and that he had attacked appellant and offered proof in support thereof. The

court upon an objection by the State declined to admit the introduction of any testimony to which appellant excepted. The record discloses that the injured party at the trial testified that he had no intentions of injuring appellant at any time or in any way. The testimony claimed to be newly discovered was only contradictory of the testimony given by the injured party at the trial and became merely impeaching testimony. In the case of Herrington v. State, 89 S. W. (2d) 991, this court said: "Newly discovered evidence, consisting of alleged admissions made by party assaulted by the defendant, that he had testified falsely at the trial, held not to require a new trial, since newly discovered testimony would have been admissible only for impeachment purposes." Therefore, the matter complained of does not reflect any reversible error.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.