## LOUIS LAWSON V. THE STATE.

No. 23787. Delivered November 12, 1947.
Rehearing Denied December 17, 1947.

*Robert B. Allen,* of Dallas, for appellant.

*Will R. Wilson, Jr.,* District Attorney, and *Waller M. Collie, Jr.,* Assistant District Attorney, both of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Upon an indictment charging assault with intent to murder with malice, appellant was convicted of assault with intent to murder without malice, and his punishment assessed at confinement in the penitentiary for two years.

In the light of the record before us, a detailed statement of the facts is not deemed called for. It is sufficient to say that the testimony of the injured party shows that the appellant, without justification or excuse, shot him twice with a .45 caliber pistol. Appellant claimed that he shot in self-defense to prevent the injured party from robbing him.

The sole question presented upon appeal relates to the refusal of the trial court to grant a new trial upon the testimony of two witnesses claimed to be newly discovered, by whom it could be proven that the injured party made a statement to them contradictory of his testimony upon the trial of the case and supporting appellant's defensive theory.

The testimony claimed to be newly discovered was impeaching only. Testimony of such character is not ordinarily ground for new trial. Article 753, Note 33, Vernon's C. C. P.; Cox v. State, 140 Texas Crim. Rep. 442, 145 S. W. (2d) 589; Herring-

ton v. State, 129 Tex. Cr. R. 567, 89 S. W. (2d) 991; Frederickson v. State, 131 Tex. Cr. R. 82, 97 S. W. (2d) 206.

In the sentence the trial court failed to take cognizance of the indeterminate sentence law and sentenced appellant to two years' confinement in the state penitentiary. The minimum punishment fixed to the crime of assault with intent to murder without malice is confinement in the penitentiary for one year.

It becomes our duty to reform the judgment and sentence so as to comply with the indeterminate sentence law. Accordingly, the sentence is reformed so as to read not less than one nor more than two years' confinement in the state penitentiary.

As so reformed, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing, appellant contends that we erred in holding that the claimed newly discovered evidence was merely impeaching in its nature. He claims that while in a certain sense it is impeaching, it is more than that. It tends to support his defensive theory.

We have again reviewed the record in the light of his motion and have reached the conclusion that the question was properly disposed of in the original opinion since appellant could not have used the claimed newly discovered evidence as original testimony because it was hearsay. The only way to have used it was to have laid a proper predicate for its introduction by inquiring of the prosecuting witness if he did not at a certain time and place make such a statement and if he had denied it, then appellant would have been authorized to use it for impeachment; but, if he admitted it, then that was the end of it.

We are not unmindful of the rule that a new trial, will be granted when the newly discovered evidence, although tending to discredit or impeach a witness, is material and competent independent of its impeaching tendency, or where the newly discovered evidence shows a conspiracy between the alleged injured party and another to bring about a conviction on manufactured and perjured testimony, although the new testimony is also impeaching. See Reed v. State, 27 Tex. App. 317;

Stewart v. State, 52 Tex. Cr. R. 100 (105 S. W. 809) ; Piper v. State, 57 Tex. Cr. R. 605 (124 S. W. 661) ; and Hale v. State, 51 S. W. (2d) 611. The instant case, in our opinion, does not come within either of the exceptions to the general rule.

The motion for rehearing is overruled.

Opinion approved by the Court.